**E. R. LINDSEY, Appellant,**

v.

**Carl MOYLE and Jane Doe Moyle, his wife, and Marvin Hines, Appellees.**

**No. 19952.**

United States Court of Appeals
Ninth Circuit.

March 14, 1966.

Rehearing Denied June 15, 1966.

E. R. Lindsey, Portland, Or., in pro. per.

Everett D. Hofmeister, Jr., of Lyons & Hofmeister, Sandpoint, Idaho, for appellees.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

E. R. Lindsey, proceeding *pro se,* brought this action against Carl Moyle, Mrs. Moyle and Marvin Hines to quiet title to five unpatented lode mining claims, together with a quantity of mined and stockpiled ore and mining equipment stored on the claims. District court jurisdiction rests on diversity of citizenship. 28 U.S.C.A. § 1332 (1964). After a trial, judgment was entered for defendants and plaintiff appeals.

Lindsey relies for his title to the ore and mining equipment in question on a bill of sale obtained on September 17,

1928, from Silver Hill Mining Company. However, the trial court found that Silver Hill did not then own the ore and equipment, as it had been conveyed to one T. P. Harsh on October 25, 1924, on a sheriff's deed following execution of foreclosure thereon.

Lindsey bases his interest in the five lode mineral claims in question on certain mineral locations, subject to government fee title. The trial court, however, found that Lindsey failed to establish any discovery of ore and failed to establish a valid location of any of these mining claims. The court further found that plaintiff was not in possession of the property claimed within five years prior to the filing of this action. In addition, the court found, in effect, that plaintiff's lack of title to the claims had been judicially determined in 1934, in a state court action in which plaintiff sued Charles Hines, George Hines, Everit Clough and Mrs. Clough for injunctive relief and possession of the claims.

The trial court also made findings with regard to defendants' title to the claims and ore located thereon. The court found that defendants were now, and for more than ten years had been, in actual, open, notorious and exclusive possession of the claims and ore, under a claim of right as the successors of the defendants in the state action referred to above. The court also found that defendants have performed the annual assessment work on these claims for a period exceeding ten years. The trial court did not, however, find or conclude that defendants had valid title to the claims and personal property.

On this appeal plaintiff's principal contention appears to be that defendants were required to establish their own title to the claims and personal property located thereon, and could not prevail merely by establishing plaintiff's lack of title. Under the law of Idaho, however, in an action to quiet title, the plaintiff must recover on the strength of his own title and cannot recover on the weakness of his adversary's title. Reynolds Irrigation District v. Sproat, 70 Idaho 217, 214 P.2d 880, 884; Independence Placer Mining Co. v. Hellman, 62 Idaho 180, 109 P.2d 1038, 1042. We therefore need not decide whether defendants established valid title to the claims, ore and equipment in question.

Plaintiff also appears to question the sufficiency of the evidence to support the findings of fact referred to above. But no transcript of the testimony has been brought up on this appeal and we therefore have no way of examining this question.

The other arguments advanced by appellant are without merit.

Affirmed.