678 P.2d 72

**GOLDEN CONDOR, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Velma G. BELL, Defendant-Appellant.**

**No. 13690.**

Court of Appeals of Idaho.

Feb. 24, 1984.

Velma G. Bell, pro se, appellant.

Piatt Hull, Hull & Hull, Chartered, Wallace, for respondent.

## ON DENIAL OF PETITION
## FOR REHEARING

This opinion supersedes our prior opinion issued December 8, 1983, which is hereby withdrawn.

BURNETT, Judge.

This is an appeal from a decree quieting title to four unpatented lode mining claims in the Summit Mining District of Shoshone County. The district court ruled in favor of Golden Condor, Inc., the record owner of these claims. Velma Bell has challenged Golden Condor's title upon the alternative postulates that her husband entered into a contract to buy the claims and that she "relocated" the claims upon an abandonment or forfeiture by Golden Condor. We vacate the decree and remand the case for further findings.

Mrs. Bell's appeal has raised procedural, evidentiary and substantive issues. The procedural questions are whether the trial court erred by conducting a trial in two separate sessions and by denying a jury trial.[1] The evidentiary issues are whether the court erred by declining to view the site of the disputed mining claims, by allowing the attempted impeachment of a witness with questions about prior convictions for crimes, and by excluding an exhibit from evidence under the "best evidence" rule. Finally, the sole substantive issue is whether Golden Condor did, in fact, abandon or forfeit the disputed mining claims.

### I

We first consider the procedural issues. The initial question is whether the district court erred by conducting the two-part trial. Before trial Mrs. Bell moved to disqualify numerous district judges. The district judge originally sitting on the case disqualified himself, and the Supreme Court assigned the case to the Honorable Dar Cogswell. The district court clerk then mailed the parties a notice stating that "trial without a jury" would be held on November 2, 1979. However, the notice mistakenly was entitled "Notice of Motion Hearing." When the parties appeared in court on November 2, Golden Condor indicated that it was ready to proceed with trial but Mrs. Bell said she was prepared only to argue her motion to disqualify various judges, including Judge Cogswell. The court denied that motion but noted a possible ambiguity in the notice concerning trial. Fol-

---

1. Mrs. Bell also raises a procedural issue within the appeal itself. She contends that she has been denied a true and correct transcript of the trial. Proceedings to settle the transcript on appeal were conducted under I.A.R. 29. The trial judge considered Mrs. Bell's specific objections and granted a number of her requested corrections, additions, or deletions. Mrs. Bell presents no argument or authority to demonstrate that the court erred in settling the transcript. We find no error.

lowing a colloquy with Mrs. Bell and counsel for Golden Condor, the court determined that under the circumstances a witness who had traveled from Arizona would be allowed to testify, but that the remainder of the trial would be conducted on another date. The witness, an officer of Golden Condor, testified on direct examination and certain exhibits were introduced into evidence over Mrs. Bell's continuing objection to starting the trial that day.

On January 29, 1980, the trial resumed and the same witness again was present. Mrs. Bell asserted that in the November 2 proceeding the court had not passed upon a motion by Golden Condor to strike her earlier motion to disqualify other judges. The judge responded that the motion to strike had become moot, and he directed the trial to continue. Mrs. Bell made no further objection at that time to the January 29 proceeding. She cross-examined Golden Condor's witness and put on her case.

■ From this recitation of events it is clear that, even if the district court erred by starting the trial on November 2, no prejudice resulted. Mrs. Bell was afforded a full opportunity on January 29 to confront Golden Condor's witness and to present her own evidence. We conclude that the error, if any, is not reversible.

■ Next we consider Mrs. Bell's contention that she was wrongfully denied a jury trial. The right to a trial by jury is secured by article 1, § 7, of the Idaho Constitution. However, in a civil case, this right must be timely asserted or it will be deemed waived. Rule 38(b) of the Idaho Rules of Civil Procedure requires a party seeking a jury trial, on an issue triable by a jury, to make a demand within ten days after service of the last pleading directed to such an issue. Here Mrs. Bell did not make a demand until the first day of trial on November 2.

However, this does not dispose entirely of the issue. In *Viehweg v. Thompson*, 103 Idaho 265, 269, 647 P.2d 311, 315 (Ct. App.1982), we said:

Rule 39(b) provides a limited "safety valve" against unduly harsh application of the waiver rule. Rule 39(b) vests in the court a discretionary power to order a jury trial even though demand for a jury was not timely made. The question before us is whether the district court abused such discretion in this case, by denying ... [a late request for jury trial].

In the present case Mrs. Bell has furnished no reason for delaying her request for a jury trial. We conclude that no abuse of discretion, in denying the late request, has been demonstrated.

## II

■ We now turn to the evidentiary issues. Mrs. Bell contends that the trial court erred by denying a motion to view the site of the disputed mining claims. Such a motion is addressed to the sound discretion of the court. I.R.C.P. 43(f); *Cordwell v. Smith*, 105 Idaho 71, 82, 665 P.2d 1081, 1092 (Ct.App.1983). As we will explain more fully later, the principal factual issue at trial was whether Golden Condor had performed certain required annual labor on the disputed claims during the summer of 1978. The trial was conducted in November, 1979, and in January, 1980. The physical appearance of the site when the case was tried would have had little or no probative impact upon the annual labor question. Mrs. Bell has demonstrated no abuse of discretion in the trial court's decision to forego a view of the site. Therefore, we find no error.

The next procedural issue is whether the court properly allowed Golden Condor's counsel to attempt the impeachment of a witness, Mrs. Bell's husband, by inquiring into prior felony convictions. Mr. Bell was asked broadly whether he had committed any crimes. He responded that he had been charged with numerous counts of grand larceny, attempted grand larceny, making a false assay, and perjury. Mrs. Bell then inquired of the court whether this was "fair questioning." Apparently treating this inquiry as an objection, the court directed counsel to ask, more narrowly,

whether Mr. Bell had been convicted of a felony. When this question was asked, Mr. Bell simply responded in the affirmative and said that he had served nearly three years at a Washington State penitentiary. From this record we cannot ascertain the charges of which Mr. Bell was convicted, nor can we determine which of those convictions were for felonies.

■ Rule 43(b)(6), I.R.C.P., allows impeachment of a witness by evidence of a prior felony conviction. The rule requires "a finding by the court in a hearing outside of the presence of the jury that a prior conviction of a felony of a witness is relevant to his credibility...." Where, as here, a trial is conducted without a jury, a separate hearing obviously is unnecessary. However, we see no reason why the lack of a jury would dispense with the underlying requirement that the conviction be relevant to credibility. If no such relevance is shown, the impeachment should be deemed ineffective. The trial judge should disregard the attempted impeachment when evaluating the witness's testimony.

■ In this case the felony convictions have not been identified. We cannot presume, and the trial judge made no determination, that any such convictions were relevant to credibility. Therefore, we hold that the impeachment was ineffective. When the case is remanded, for reasons explained below, the attempted impeachment should be disregarded by the trial judge in weighing Mr. Bell's testimony.

The final procedural issue is whether the court erred by excluding from evidence a copy of a written agreement by which Mrs. Bell and her husband purportedly bought the disputed mining claims from Golden Condor. Following some testimony concerning the agreement, the court helpfully inquired whether Mrs. Bell desired to put the instrument into evidence. She offered a copy. Golden Condor's counsel asked to see the original but Mr. Bell, from the witness chair, replied:

You are not going to get the original because I am not going to submit it. I have lost too many of my exhibits in the

courts now and I will not, under any circumstances, unless I am ordered to, submit anymore [sic] exhibits of mine to the Court.

Counsel then objected to admitting the copy into evidence. The court sustained the objection and encouraged Mrs. Bell to offer the original, but no further offer was made.

■ Idaho Code § 9–411 embodies what is commonly called the "best evidence" rule. It provides, with certain exceptions, that there can be no evidence of the contents of a writing other than the writing itself. None of the exceptions applies to the copy of the agreement offered by Mrs. Bell. Therefore, we find no error in the court's ruling upon objection to the copy.

Because no further offer was made, the record does not contain the purported agreement. Without a written instrument in evidence, the trial judge deemed himself constrained to hold that no enforceable contract for transfer of the disputed mining claims had been proven. We agree. Mining claims in Idaho are real property. I.C. § 55–101. With exceptions not argued here, transfers of interests in real property must be in writing. I.C. § 9–503. Consequently, Mrs. Bell's challenge to Golden Condor's title has been narrowed to the contention that she acquired the claims upon an abandonment or forfeiture by Golden Condor. We now turn to the substantive issue framed by that contention.

III

Public land within the designated confines of a mining district is open to mining claims under federal and state law. 30 U.S.C. §§ 23, 28; I.C. §§ 47–601 to –619. Upon discovery of a vein or lode, a claimant may perfect possessory rights over it by locating, posting and recording a claim. The claim is known as an unpatented mining claim. Location of a claim entails physically marking the claim on the ground. 30 U.S.C. § 28. The claimant also must post at the site, and file with the county recorder, a location notice describing the claim

sufficiently for the public to identify it. I.C. § 47–602.

Federal law requires that "$100 worth of labor shall be performed or improvements made during each year" on an unpatented lode mining claim. If this annual labor (sometimes called "annual assessment work") is not performed by September 1 of each year, the claim is open to relocation and thus subject to forfeiture. However, if the "original locators, their heirs, assigns, or legal representatives," have resumed their work upon the claim after failure to perform and prior to relocation, the original claim is revived. 30 U.S.C. § 28. Idaho law recognizes the annual labor requirement. Idaho Code § 47–606 provides that an affidavit of performance of the annual labor must be filed with the county recorder of the county in which the claim is situated. Under the Idaho statute a filed affidavit is prima facie evidence that work has been performed; conversely, failure to file an affidavit is prima facie evidence that work has not been performed.

### A

■ In the present case, Golden Condor contended that it had acquired the disputed claims—known as the Mountain Lion, Burton, John Rogers and E.R. Field claims—by conveyance from two individuals, Alfred T. Slawson and Alfred T. Slawson, Jr. There was no issue as to the filing or sufficiency of the original location notices for these claims. Golden Condor's quiet title complaint named the claims and referenced them to book and page in the Shoshone County Recorder's office. This complaint contained a sufficient description to support a decree in favor of Golden Condor. *See Norrie v. Fleming,* 62 Idaho 381, 112 P.2d 482 (1941); *Hedrick v. Lee,* 39 Idaho 42, 227 P. 27 (1924).

However, the performance of annual labor, during the assessment year running from September 1, 1977 to September 1, 1978, was contested. On June 15, 1978, Alfred T. Slawson, Jr., an officer of Golden Condor, filed an affidavit of performance of annual labor on the four claims. At trial

he testified about the work performed in June. Mrs. Bell disputed the contents of that affidavit and the testimony. She asserted that the 1978 work had not been done, and that she and her husband relocated the claims before Golden Condor made any effort to revive them.

Mrs. Bell's pleadings referred to abandonment of the claims; but her evidence actually was directed, without objection, toward a theory of forfeiture. Abandonment and forfeiture are closely related concepts. Both are means by which mining claims may be opened to relocation. But they are not precisely the same. Abandonment is a voluntary, intentional act; forfeiture is the result, regardless of intent, of noncompliance with a legal requirement. 2 ROCKY MOUNTAIN MINERAL LAW FOUND., THE AMERICAN LAW OF MINING § 8.2 (1983) [hereinafter cited as AMERICAN LAW OF MINING]. In this case, there was no proof that Golden Condor voluntarily and intentionally had relinquished its mining claims. Consequently, the issue presented below, and which now confronts us on appeal, is whether Golden Condor lost the mining claims by forfeiture.

■ This question is framed by Golden Condor's complaint to quiet title. In general, a party seeking to quiet title to real property must affirmatively prove his title. The proof must establish the strength of his own title rather than merely showing the weakness of any adverse claim. *E.g., Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981); *Independence Placer Mining Co. v. Hellman,* 62 Idaho 180, 109 P.2d 1038 (1941); *see also Lindsey v. Moyle,* 358 F.2d 727, 728 (9th Cir.1966). However, this general rule is supplemented by a specific burden of proof imposed upon one who adversely claims title to a mining claim by forfeiture and relocation. The adverse claimant has a two-fold burden of proof. First, the claimant must prove that the annual labor was not performed; and this proof must be by clear and convincing evidence. *E.g., Hammer v. Garfield Mining & Milling Co.,* 130 U.S. 291, 9 S.Ct. 548, 32 L.Ed. 964 (1889). Second, the

claimant must prove that his or her own locations are valid. *See Kramer v. Gladding, McBean & Co.*, 30 Cal.App.2d 98, 85 P.2d 552, 554 (1938) (forfeiture becomes effective upon a valid relocation); *cf. Independence Placer Mining Co. v. Hellman, supra* (one claiming relocation following abandonment must prove both abandonment and valid relocation). In the present case, the trial court found that Golden Condor successfully had proved its record title and that Mrs. Bell had failed to prove her adverse claim.

At trial Mrs. Bell launched technical and substantive attacks upon Golden Condor's asserted compliance with the annual labor requirement for the assessment period ending on September 1, 1978. In her technical attack she pointed to the fact that Golden Condor's corporate charter had been forfeited in 1976, for failure to file annual statements, and had not been reinstated until November 14, 1978. However, this temporary forfeiture of the corporate charter did not, of itself, result in forfeiture of the mining claims. *Cf. Pacific Northwest Bell Telephone Co. v. Rivers*, 88 Idaho 240, 398 P.2d 63 (1964) (temporary loss of corporate charter does not cause loss of trade name). She also invited attention to the fact that the affidavit filed in 1978 listed the younger Mr. Slawson, rather than Golden Condor, as the owner of the claims; and that the affidavit incorrectly identified the Mountain Lion claim as the "Lion" claim. However, competent evidence was adduced at trial to explain these deficiencies. Consequently, they were not fatal. *See Bismark Mountain Gold Mining Co. v. North Sunbeam Gold Co.*, 14 Idaho 516, 95 P. 14 (1908).

Mrs. Bell's substantive attack was her contention that the 1978 work had not in fact been done. The evidence in the record regarding performance of the 1978 annual labor is conflicting. As we have noted, I.C. § 47–606 provides that the filing of an affidavit is prima facie evidence of performance of the required work. The record also contains testimony by the younger Mr. Slawson, describing the nature of the work

he personally performed in June, 1978. However, Mrs. Bell presented witnesses, including Mr. Bell, whose testimony tended to show that no work had been performed, other than labor by Mr. Bell in August, 1978, when he sought to relocate the claims. Addressing this conflict in the evidence, the trial court in its memorandum decision said the following:

> Plaintiff [Golden Condor] is entitled to the benefit of Idaho Code § 47–606 which provides in part that the affidavit of performance of labor filed for record *"shall be prima facie evidence of the performance of such labor."* (See Exhibit Plaintiff's # 9).
>
> The Defendant's contention that the required labor was not performed and hence the claim abandoned is hereby denied. [Emphasis original.]

As explained above, the evidence at trial actually pointed to a theory of forfeiture rather than abandonment. However, the district court's decision did not turn upon the distinction between these concepts. Rather, its decision was based upon the weight given to Golden Condor's affidavit.

On that question, the case of *Dickens-West Mining Co. v. Crescent Mining & Milling Co.*, 26 Idaho 153, 141 P. 566 (1914), is instructive. There our Supreme Court held that an affidavit of annual labor, when contradicted by contrary proof, no longer suffices, of itself, to establish that the labor has been performed. In view of *Dickens-West* we deem it clear that once Mrs. Bell presented evidence refuting Golden Condor's affidavit, the issue of whether the 1978 work had been performed was no longer governed by the prima facie effect of the affidavit. Rather, the issue then turned upon a weighing of the conflicting evidence. The district court's memorandum decision reflects no such weighing. Rather, it appears on its face to accord the affidavit continuing and controlling effect. We hold that the court erred in this regard. We conclude—as we did in our first opinion on appeal—that the cause must be remanded for a finding of whether, in fact, Golden Condor performed the

1978 work. If the court finds that the work was performed, it may reenter the decree quieting title in Golden Condor. If the court finds to the contrary, it should determine whether the mining claims were validly relocated.

### B

In its petition for rehearing, Golden Condor has argued that the necessary determinations can be made upon the present record without a remand. First, Golden Condor urges that, even though the evidence was in conflict on whether annual labor had been performed in June, 1978, Mrs. Bell's adverse claim must fail because she did not negate the possibility that Golden Condor had performed such labor at another time before the assessment period expired on September 1. We believe this contention misconstrues Mrs. Bell's burden of proof. Although an adverse claimant has the ultimate burden of proof—i.e., the risk of nonpersuasion—on the question of whether annual labor was performed, the party asserting that such work was done has an initial burden of going forward with prima facie evidence. AMERICAN LAW OF MINING § 7.22. The filing of an affidavit under I.C. § 47–606 suffices to meet this initial burden. The adverse claimant must overcome the affidavit or other prima facie proof by clear and convincing evidence that the work was not performed. The scope of the issue is framed by the initial, prima facie showing.

In this case, Golden Condor made its initial showing both by affidavit and by trial testimony. The date of the affidavit made it clear that the work was performed no later than June, 1978; and the trial testimony specified a time period in June. This initial showing narrowed the issue to whether the work was done when Golden Condor said it was. It would exalt form over substance to hold that Mrs. Bell was required not only to refute the actual prima facie showing but also to negate a then-unasserted, hypothetical possibility that the work was performed at some other time before September 1. We decline to so hold.

Secondly, Golden Condor argues that even if the annual labor had not been performed—rendering the mining claims subject to forfeiture—they were not validly relocated because the work allegedly performed by Mr. Bell, during August, 1978, occurred before the assessment period expired on September 1. The point of law urged by Golden Condor is well taken. Relocation cannot occur until a mining claim actually is subject to forfeiture; and this, in turn, cannot occur until the assessment period has expired. *E.g., Belk v. Meagher,* 104 U.S. 279, 26 L.Ed. 735 (1881). A premature relocation is void. *Independence Placer Mining Co. v. Hellman, supra; see generally* AMERICAN LAW OF MINING § 8.40.

The question is whether we should apply this rule of law to the present record or allow the district judge to consider it—if he reaches the relocation issue—on remand. Relocation poses a mixed issue of law and fact. Consequently, this case is not one in which we simply can uphold, on a correct legal theory, a decision entered below on an erroneous theory. Here, the pertinent facts concerning relocation have not been found. The absence of findings "may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 1004 (1982) (emphasis original). The record in this case does not yield an obvious answer. It does not inform us of the work done by either party after September 1, 1978. Thus, we do not know whether the claims, if subject to forfeiture, were relocated through subsequent work by the Bells or were revived through subsequent work by Golden Condor.

Nevertheless, we are asked to direct entry of judgment for Golden Condor upon the ground that a silent record is fatal to Mrs. Bell, because she bears the burden of proving a valid relocation. However, an appellate court's authority to bypass a remand and to direct a final judgment must be exercised cautiously. It should not be employed where justice may

require further proceedings. *See* cases cited in 5B C.J.S. *Appeal & Error* §§ 1924, 1925, at 423 n. 27, 427 n. 44 (1958 & 1983 Supp.). Here, the failure to show what occurred after September 1, 1978, was not unilateral on Mrs. Bell's part. Both parties focused their evidence upon an earlier time frame and upon other issues. The record does not show that Golden Condor urged the trial court to hold against Mrs. Bell for the precise reason now urged in the petition for rehearing.[2] Indeed, the trial court never reached the relocation question.

Moreover, if the underlying fact were that a premature relocation had been followed by valid relocation, a contrary holding by this court upon the present record would preclude Mrs. Bell from establishing that fact in any other litigation upon the same adverse claim of title. *See Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct. App.1983). In contrast, a remand would leave the issue open, imposing no unfair prejudice upon either party. We believe that justice in this case would be better served by a remand than by a judgment directed on appeal. Consequently, we adhere to the conclusion earlier stated and leave the question of relocation to the district judge on remand—if he reaches the question at all.

The decree of the district court is vacated. The cause is remanded for further proceedings consistent with this opinion. Costs to appellant, Mrs. Bell.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. Golden Condor has been represented on appeal by counsel other than its attorney at trial.