784 P.2d 351

Velma G. BELL, Plaintiff–Appellant,

v.

GOLDEN CONDOR, INC., an Idaho corporation, Defendant–Respondent.

No. 17503.

Court of Appeals of Idaho.

Dec. 28, 1989.

Velma G. Bell, pro se.

Hull, Hull & Branstetter, Wallace, for defendant-respondent. Piatt H. Hull, argued.

SWANSTROM, Judge.

This is the third appeal generated by disputes between these parties over conflicting mining claims in Shoshone County. In this appeal, Velma Bell contends the district court erred in dismissing her action to quiet title against Golden Condor, Inc.

We will not relate the background facts in detail because they are fully set forth in the two previous appeals. *See Golden Condor, Inc. v.. Bell,* 106 Idaho 280, 678 P.2d 72 (Ct.App.1984) (*Golden Condor I*) (remanding case) and *Golden Condor, Inc. v. Bell,* 112 Idaho 1086, 739 P.2d 385 (1987) (*Golden Condor II*) (following remand). A summary of the facts will be sufficient here. In 1972, Golden Condor acquired four unpatented mining claims—John Rogers, Burton, Mountain Lion, and E.R. Field (the Condor claims)—located in the Summit Mining District. In August 1978, Velma Bell purported to locate seven lode mining claims called the Ephraim claims, numbered one through seven. Four of the Ephraim claims, numbers 1, 4, 5, and 6, occupied the same ground as the Condor claims. It was Bell's contention that Golden Condor forfeited its claims in 1978 because of its failure to complete required annual assessment work and that the ground was open for her location of the Ephraim claims.

This situation prompted Golden Condor to file an action against Bell seeking to quiet title to the four Condor claims. In a trial without a jury, the district court found that Golden Condor had done the 1978 assessment work and that Bell's attempted location of claims on the same ground in

1978 was invalid. The court quieted title to the four Condor claims in a decree entered February 21, 1980. Bell appealed. The appeal, *Golden Condor I*, was assigned to this Court. Ruling on an evidentiary issue, we vacated the decree and remanded the case to the district court to reconsider the evidence pertaining to the assessment work done in 1978.

Following remand, the district court conducted another hearing and received additional evidence. The court again quieted title to the four Condor claims. Bell appealed again. The appeal, *Golden Condor II*, was decided by the Supreme Court. In that appeal, Bell sought to raise two issues: that Golden Condor had failed to produce sufficient evidence to establish the geographical location of its mining claims and therefore failed to carry its burden of proof in the quiet title action; and that the evidence presented by Golden Condor on remand concerning the performance of the 1978 assessment work was inherently unreliable and should have been disregarded by the district court.

The Supreme Court held, in *Golden Condor II*, that Bell had waived the first issue by not raising it earlier and by not filing a petition for review of the Court of Appeals' decision in *Golden Condor I*, thereby allowing the case to be remanded on the sole issue of whether Golden Condor had performed the 1978 assessment work on its claims. On the second issue, the Supreme Court upheld the district court's determination that the work had been done. Accordingly, in *Golden Condor II*, the Supreme Court affirmed the decree entered in Shoshone County Case No. 21895, quieting title to Golden Condor's four mining claims.

While Bell's first appeal was pending, she filed her own quiet title action against Golden Condor in July 1982. This case was given Shoshone County Case No. 24030. In this case, Bell alleged that Golden Condor had "jumped" her Ephraim claims numbered 1, 4, 5, and 6 by locating the four Condor claims over her Ephraim claims numbered 1, 4, 5, and 6 and by filing new location notices for the Condor claims with the Shoshone County Recorder on March 30, 1981.

On August 13, 1982, Golden Condor filed its motion for summary judgment in Case No. 24030 along with a supporting affidavit and memorandum of law based on the decree of the trial court entered February 21, 1980, in Case No. 21895. No action was taken on this motion during the time that the first appeal, the remand proceedings, and the second appeal were pending in Case No. 21895. However, in March 1988, the district court *sua sponte* entered an order dismissing Bell's quiet title action, reasoning that all issues presented in this case had been finally determined by the Supreme Court in *Golden Condor II*. The district court stated that Bell's action attempted to quiet title to "the identical land mass" involved in Case No. 21895. Bell then brought this appeal in Case No. 24030 to challenge the dismissal order. We affirm the order for the following reasons.

We take judicial notice of the record in each of the previous appeals in Shoshone County Case No. 21895. The record shows that Bell responded to Golden Condor's complaint seeking to quiet title to the John Rogers, Burton, Mountain Lion and E.R. Field claims by filing an answer and counterclaim. In this pleading, Bell alleged that she, and not Golden Condor, "had full right and title" to these four claims. She alleged further that she held the claims by right of proper location and filing of claims, paying all costs and fees as required and proceeding to develop the mining property for mineral production. She asked that Golden Condor "be at once forever enjoined and barred from asserting any claim in or to these aforementioned ... claims of [Bell] or any part thereof." The district court ruled against Bell on these issues and dismissed her counterclaim in the February 1980, memorandum decision. As we have stated, at the trial and at the hearing after remand, Bell attempted to prove that the ground covered by Golden Condor's claims was open to location in 1978 when she located her seven Ephraim claims or that the ground was open when she refiled relocation notices in January 1979. The district court ruled otherwise

and this ruling was affirmed in *Golden Condor II.*

As we have noted, in the complaint filed by Bell in Case No. 24030, she alleged that her Ephraim claims numbered 1, 4, 5, and 6 had been jumped by Golden Condor. It is clear in this action that Bell was again relying upon the proposition that her 1978 and 1979 "locations" of the Ephraim claims were valid locations made upon ground open for mineral exploration.

From the records of these three appeals it is clear that: (1) while all seven of the Ephraim claims were involved in Case No. 21895, four of those same claims, 1, 4, 5, and 6, were involved in the present case; (2) in each case, Bell alleged or attempted to prove that the ground occupied by Golden Condor's four claims was open when Bell located the Ephraim claims in 1978 and when she refiled location notices in January 1979; and (3) success of Bell's own quiet title action in the present case depended—as had her defenses and counterclaims in Case No. 21895—upon the theory that Golden Condor had forfeited its four claims in 1978. This theory was laid to rest in *Golden Condor II.* Bell could not, in the present case, relitigate the issues decided in the previous case. The opinion of the Supreme Court in *Golden Condor II* precludes any further consideration of those issues.

We are aware that Bell has raised a new issue in Case No. 24030. Her brief—if not the record—suggests that the ground again became open for mineral locations on December 31, 1980, because of Golden Condor's purported failure to make certain filings with the BLM in 1980, as required by the Federal Land Policy and Management Act (FLPMA). She further alleges that Golden Condor "jumped" her four Ephraim claims by filing new location notices in 1981. However, it is immaterial whether these new allegations are true or not. Even if Golden Condor did fail in 1980 to comply with FLPMA and did not establish compliance until 1981, the fact remains that Bell's claims are based on locations purportedly made in 1978—before any abandonment or forfeiture under FLPMA

could have occurred. A valid relocation cannot occur until an abandonment or forfeiture actually has taken place. *Golden Condor I,* 106 Idaho at 287, 678 P.2d at 79. Moreover, in an action to quiet title the plaintiff must establish the validity of his or her own title. It is not sufficient merely to expose a potential weakness of someone else's title to the same property. *Currie v. Walkinshaw,* 113 Idaho 586, 746 P.2d 1045 (Ct.App.1987). We conclude that the order of the district court dismissing the action should be affirmed.

Golden Condor has requested an award of attorney fees on appeal under I.C. § 12–121. Attorney fees are awardable under the statute if the law is well-settled, the material facts are well established, and the appellant has made "no substantial showing that the [lower] court misapplied the law" to those facts. *Davis v. Gage,* 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985). In our perception, Bell has made no substantial showing that the district court misapplied the law. We conclude that the appeal was brought and pursued unreasonably and without foundation. Thus, we award reasonable attorney fees on appeal, to be determined in accordance with I.A.R. 41.

The order of the district court, dismissing Bell's complaint, is affirmed. Costs and attorney fees to respondent Golden Condor.

WALTERS, C.J., and BURNETT, J., concur.