859 P.2d 1389

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Alejandro FERNANDEZ, Defendant–Appellant.**

**No. 19173.**

Supreme Court of Idaho, Pocatello, April 1993 Term.

Sept. 27, 1993.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

BISTLINE, Justice.

Alejandro Fernandez, appellant, contends that the prosecutor's cross-examination, rebuttal testimony, and closing remarks during trial on a charge of delivery of a controlled substance violated the Idaho Rules of Evidence and should not have been permitted. For the reasons stated below we reverse the judgment of the district court and remand the cause for a new trial.

## BACKGROUND

On January 24, 1990, Brian Evans, the brother of the wife of Alejandro Fernandez, made a deal to sell a quarter pound of marijuana to an undercover narcotics officer, George Phillips. Phillips went to Evans's trailer on advice from Evans that shortly someone would be delivering the marijuana. Fernandez showed up about twenty minutes after Phillips arrived. Fernandez was arrested and tried for delivery of a controlled substance. Evans testified against Fernandez as part of a plea bargain, implicating Fernandez in the delivery of the marijuana.

On direct examination, Fernandez testified that he went to Evans's trailer only because Evans had asked him to try to identify Phillips as a narcotics officer. Fernandez further testified that Evans made this request because he knew that Fernandez had been stopped and searched by narcotics officers eight months earlier, in May 1989 ("the May incident"). Fernandez stated that during that stop, the narcotics agents had asked him for permission to search him and his car, that he "gave them [his] consent, told them, 'I don't got nothing to hide,'" Tr., Vol. II, p. 180, and that the officers found nothing. On cross-examination, the State inquired further into the May incident, asking Fernandez if he had: 1) arranged to participate in a cocaine

transaction with a Russell Mee the evening of the May incident; 2) possessed cocaine; and 3) made any admissions about cocaine to Michael Storrier, a narcotics officer. Fernandez denied all of the above and testified that he had gone to Storrier to seek protection. The State asked him from whom he was seeking protection; Fernandez identified Rene Garcia. The prosecutor, after he had elicited testimony about Fernandez's association with Garcia, then stated that Garcia had been convicted for drug dealing.

After cross-examination of Fernandez, the State called narcotics officer Storrier as a rebuttal witness. Storrier testified that Fernandez had admitted to possession of cocaine at the earlier stop. The prosecutor, in his closing arguments to the jury, referred to the May incident and the inconsistency between Fernandez's and Storrier's testimony. He also discussed the plea bargain with Evans, explaining that prosecutors often enter into "deals with little guys" in order to successfully prosecute a drug source.

The jury rendered a guilty verdict against Fernandez.

On his appeal Fernandez raises these issues:

1. Did the district court err in allowing the prosecutor to cross-examine Fernandez as to the May incident?

2. Did the court err in allowing Storrier's rebuttal testimony concerning the alleged confession?

3. Did the prosecutor's comments during closing argument amount to prosecutorial misconduct?

## DISCUSSION

Fernandez argues that on being cross-examined by the prosecutor regarding the May incident there were several violations of the Idaho Rules of Evidence, specifically including I.R.E. 608, 404, and 403. His complaints essentially stem from three lines of questioning: 1) a cocaine transaction with Russell Mee that was to take place later in the evening of the May inci-

dent; 2) statements Fernandez made to Storrier about hiding cocaine in his pants during the May incident; and 3) Fernandez's association with Garcia, including a question stating that Garcia had been convicted for selling cocaine.

■ Before addressing the merits of Fernandez's contentions, we first address the State's argument that, by failing to object to the prosecutor's interrogation, Fernandez has not preserved the issues he later raises regarding cross-examination. An issue not raised in the trial court proceedings can be raised for the first time on appeal only on a showing that the alleged error is fundamental. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

■ As to the line of questioning about Mee, we find that Fernandez's trial counsel, George Southworth, adequately preserved the issue of its propriety for appeal. The exchange was as follows:

> [Prosecutor, Joe Oddo]: That evening [of the May incident] didn't you tell an individual by the name of Russell Mee over the phone that you were going to deliver cocaine to him?
>
> Mr. Southworth: Objection, Your Honor. I believe this is excluded under *prior bad acts* of the defendant that have a potential—that's what Mr. Oddo is trying to get to and should be excluded.
>
> The Court: Restate the question, counsel.
>
> Q. by Mr. Oddo: Isn't it true that you, when you were stopped that evening, had made arrangements to participate in a cocaine transaction with an individual by the name of Russell Mee?
>
> A. [Fernandez]: No, sir.
>
> The Court: I'm going to overrule the objection. The question may stand.

Tr. at 188 (emphasis added). It is clear, then, that trial counsel for Fernandez preserved the issue of whether the above questioning was proper and that we may address this issue on the merits.

In *State v. Owens*, 101 Idaho 632, 639, 619 P.2d 787, 794 (1980), we stated, "In Idaho a witness cannot be questioned about his participation in wrongful acts having no connection with the matter on trial." An exception to this general prohibition is contained in I.R.E. 608, which provides,

> *Specific instances* of the conduct of a witness, for the purpose of attacking or supporting his credibility ... may ... in the discretion of the court, if probative of truthfulness or untruthfulness, *be inquired into* on cross-examination of the witness concerning (1) his character for truthfulness or untruthfulness....

I.R.E. 608 (emphasis added). Thus, questioning as to a witness's specific conduct that is unrelated to the matter being tried is only permissible if it impeaches the witness's truthfulness or untruthfulness.

■ It is evident that the prosecutor's mention of a potential cocaine transaction with Russell Mee had nothing to do with either the alleged marijuana transaction or Fernandez's credibility. Arranging a drug transaction in and of itself is not probative of whether a person is truthful or untruthful. Neither did counsel for Fernandez in his direct examination of Fernandez adduce any evidence about the Mee cocaine transaction that might be contradicted in order to show lack of truthfulness.

■ In fact, during the oral argument on this appeal, counsel for the State stipulated that if a valid objection existed to the Mee incident, the prosecutor's questioning as to the Mee incident would constitute error. Counsel argued, however, that such error would be harmless.

We do not agree. The standard for determining whether an error is harmless is "whether there is a reasonable possibility that the evidence[1] complained of might have contributed to the conviction, and that the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *State v. Jones*, —— Idaho ——, —— P.2d —— (1993) (quoting *State v. Piz-*

---

1. The prosecutor's questioning clearly did not constitute evidence. Nonetheless, the harmless error standard applies to all errors contrary to the rules of evidence.

**384**

*zuto,* 119 Idaho 742, 762, 810 P.2d 680, 700 (1991), and citing *State v. Petrogalli,* 34 Idaho 232, 200 P. 119 (1921)). This standard is a weighty one. Introducing Fernandez's purported intent to engage in a cocaine transaction could lead the jury to believe that Fernandez had a propensity to sell drugs and thus that he ought to be found guilty in regard to the marijuana offense. Even though Fernandez denied having arranged to sell cocaine to Mee, the prosecutor, notwithstanding the denial, may have raised in the jury's mind the idea that such a transaction did occur, thus playing into other evidence adduced and statements made by the prosecutor tending to imply that Fernandez was a major drug dealer (for instance, the statements made in closing arguments about Evans's plea bargain). We are thus unable to declare that the error was harmless beyond a reasonable doubt.

In light of the above discussion, we need not resolve whether the other sub-issues Fernandez raised about his cross-examination were preserved for appeal.

## CONCLUSION

We reverse the judgment of the district court and remand the cause for a new trial. Because of this disposition, we do not address the remaining issues raised by Fernandez.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ. concur.