919 P.2d 344

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jesus FRANCO, Defendant–Appellant.**

No. 22022.

Court of Appeals of Idaho.

April 29, 1996.

Rehearing Denied July 11, 1996.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

Jesus Franco was found guilty by a jury on a charge of delivery of a controlled substance. I.C. § 37–2732(a)(1). He appeals from the judgment of conviction, raising two issues. First, he contends that the district court erred in permitting the State to introduce evidence of a felony conviction to impeach a defense witness. Second, he asserts that the district court abused its discretion in allowing into evidence a tape recording which contained inadmissible hearsay statements of the State's confidential informant.

Upon considering the arguments presented with regard to the introduction of the tape recording, we are not persuaded that any error occurred and will not address that issue further. However, we agree that reversible error occurred with regard to the impeachment evidence. We therefore vacate the judgment of conviction, and remand the case for further proceedings.

Franco was charged with delivery of heroin to a confidential informant at Franco's home on November 24, 1993. The informant testified at the trial that he went to Franco's home wearing a hidden microphone and

transmitter, that Franco met him at the door, and that he purchased heroin from Franco using money provided to the informant by the police. In addition to the informant's testimony in court, the State introduced a tape recording of the conversation between the informant and the person who sold the heroin—allegedly the defendant, Franco.

Franco's sister, Petra, was called to testify as a witness in Franco's defense. She testified that she was present at her brother's residence on November 24 at the time the alleged sale of heroin took place. She remembered that particular day because it was the day before Thanksgiving in 1993, and she was at Franco's house preparing for the family's Thanksgiving dinner to be held in Franco's home the next day. She testified that her other two brothers, Raymond and Johnny, were also present and that both of them looked like the defendant. She testified that they planned the Thanksgiving dinner to be eaten at Franco's house because Franco was bedridden with a serious infection in his legs. She stated that the family "thought [Franco] was going to die so we couldn't have [the dinner] anywhere else." She testified that she was concerned about Franco's life because "he had a terrible—it was like a—his—both legs were rotten, and he couldn't walk, or anything on his own." She related that Franco had difficulty breathing and had pneumonia as a result of the "rotting" in his system. She testified that Franco remained in his bed during the day except when he had to be helped "up to go to the restroom." She testified that either of her other brothers, Raymond or Johnny, could have opened the door if someone had knocked on it, but that the defendant Franco was in no position to do so.

In the course of Petra's direct examination, defense counsel asked that she listen to the tape recording introduced by the State, to determine if Petra could recognize the voice of the defendant on the tape. The State immediately requested a hearing out of the presence of the jury. After the jury was excused, the State objected to the proposed use of the recording on the ground of relevancy. The court overruled the objection.

Then, while the jury was still out of the courtroom, the following transpired:

[PROSECUTOR]: Alright. Now, since we have the jury out, there—Petra Franco has been convicted of a felony, and it's my intent to impeach her with that conviction, Your Honor.

[DEFENSE COUNSEL]: Well, Your Honor, I am going to absolutely object to anything like that. We have had no discussion in chambers with regard to that. The prosecuting attorney had an opportunity to do that before this trial even began.

. . . .

[PROSECUTOR]: Judge, that is not required. I—it is only required by—by the Rule under 609(b) . . . Excuse me, 609(a) is what I was thinking of. . . . Only if the Court determines in a hearing outside the presence of the jury. (Reading) It doesn't require any specific notice other than what I am giving right now.

[DEFENSE COUNSEL]: Well, Your Honor, since Your Honor hasn't yet made that determination, and since I don't know what the prior conviction is that the prosecuting attorney is attempting to use, nor do you[,] I think it would be hard to make that determination unless the prosecutor is going to present that to Your Honor at this time. And I would also like to be advised of what the prosecuting attorney is attempting to use.

[PROSECUTOR]: Judge, I asked the clerk's office to bring up Petra Franco's file. Bring it up to the Court.

[THE COURT]: Those are here.

[DEFENSE COUNSEL]: Your Honor, additionally, I am going to argue that regardless[,] any attempt by the prosecuting attorney to impeach this witness is highly prejudicial to my client's case.

[PROSECUTOR]: Well, Judge, if it wasn't prejudicial—

[THE COURT]: It—I understand. I understand it is highly prejudicial, and of course those are all items that are dealt with in preparation for cases, and in preparation of determining what witnesses are going to be called and what their background is, so—

[DEFENSE COUNSEL]: Well, that is true, Your Honor, but—

[THE COURT]: —so under Rule 609 the Court will allow the use of any felony convictions for purposes of impeachment.

[DEFENSE COUNSEL]: Your Honor, are you then ruling that the probative value of information that you don't even know what—what that information is at this point in time—Are you ruling that the probative value of that information outweighs the prejudicial effect?

[THE COURT]: I understand—I understand that the weighing, but the—the whole issue here is credibility, counsel, and that is why I find that the probative value outweighs the prejudicial impact.

[PROSECUTOR]: Thank you.

Later, when the trial resumed with the jury present the State conducted its intended cross-examination of Petra, by interrogating her about her involvement in an unrelated charge concerning the sale of heroin, a felony, for which she was on probation.

Idaho Rule of Evidence 609(a) provides, in relevant part:

> **Impeachment by evidence of conviction of crime.**—(a) General rule. For the purpose of attacking the credibility of a witness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness during cross-examination or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness.

■ Franco strenuously argues that the district court did not comply with the requirement of Rule 609(a) that an "in camera" hearing be held in order to determine whether the prior felony is relevant to credibility

but also for the purpose of balancing the probative value against the prejudice of the proffered evidence. We note that the rule does not specifically identify the required hearing as an "in camera" proceeding, only that a "hearing be held outside the presence of the jury."[1] Such a hearing was held in this case, although the subject of the hearing was raised during the trial and without any advance notice to the defendant. We do not find in the rule, however, any requirement of notice in advance of the trial. Thus, we are not persuaded that any error occurred with regard to the timing of the State's disclosure that it intended to present felony-conviction evidence for impeachment purposes during its cross-examination of Petra.

■ However, Franco also asserts that the district court committed error by failing to follow the two-step approach stated in Rule 609(a) for introduction of the impeachment evidence. He argues that the court was required by Rule 609(a) to first make a determination that the fact or nature of the prior conviction was relevant to Petra's credibility; and, second, to then determine whether the probative value of the evidence of the felony outweighed the prejudicial impact of the evidence. We agree with Franco that the district court failed to follow the rule.

At the time the district court concluded that it would allow the State to present impeachment evidence to the jury, the nature of the conviction was not identified or noted by the court in the record. Nor did the court explain why the as yet unidentified conviction was at all relevant to Petra's credibility, before ruling that "the Court will allow the use of *any* felony convictions for purposes of impeachment." [Emphasis added.] We previously have held that, before a prior felony conviction may be used for impeachment purposes, the felony conviction must be identified and the trial court must make a determination that the conviction is relevant to credibility. *Golden Condor, Inc. v. Bell,* 106 Idaho 280, 678 P.2d 72 (Ct.App. 1984). The importance of this process ap-

---

1. If by "in camera" the appellant is arguing for a hearing off the record, we disagree. The preferred practice, and the one followed in this case, is to have a hearing outside the presence of the jury but on the record, so that counsels' argument and the trial court's rationale or analysis are properly preserved for appellate review.

818

pears from the observation by our Supreme Court in *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981), that

> [D]ifferent felonies have different degrees of probative value on the issue of credibility. Some, such as perjury, are intimately connected with that issue; others, such as robbery and burglary, are somewhat less relevant; and "Acts of violence ... generally have little or no direct bearing on honesty and veracity."

102 Idaho at 580–81, 634 P.2d at 442–43, quoting *People v. Rollo*, 20 Cal.3d 109, 141 Cal.Rptr. 177, 569 P.2d 771, 775 (1977).

In *State v. Allen*, 113 Idaho 676, 678, 747 P.2d 85, 87 (Ct.App.1987), we addressed the use, for impeachment purposes, of a conviction for a sex offense. We said:

> Allen's prior felony, described as being similar to incest, appears to fall within the third category [noted in *Ybarra*]. It is a crime of passion. Although condemned and punished by the law, such conduct does not bear directly upon honesty or veracity. Neither does this single crime establish a pattern of disrespect for law and lawful authority. It has little or no relevance to Allen's credibility in the present case.

A further example of our focus on criminal conduct which may have a bearing on honesty or veracity or which may demonstrate a pattern of disrespect, so as to establish use of that conduct for impeachment purposes, can be found in *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). There we held:

> The record before us discloses that Pierce's prior felony convictions were comprised, as noted, of injury to a public jail and resisting or obstructing police officers, incident to escape [from a jail]. An additional conviction for delivery of heroin also appears of record. It would be straining at language to characterize any of these offense as crimes of "dishonesty or false statement." Neither are they limited to crimes of violence or sudden impulse. Rather, they are akin to offenses in the middle range of relevancy to credibility, identified in *Ybarra*. They are crimes which exhibit intentional deviations from legally prescribed standards of conduct.

> They show a pattern of disrespect for law and lawful authority. In our view, such established disrespect is relevant to evaluating whether Pierce would take an oath seriously as a witness and whether he would hesitate to testify untruthfully if it seemed advantageous to do so. These concerns are fundamental to the truth-seeking objective of our criminal justice system.

> Therefore, we believe that Pierce's prior felonies plainly had probative value on the question of his credibility.

107 Idaho at 103, 685 P.2d at 844. Although Pierce's convictions included one for delivery of heroin, it is clear that this was only one of a number of prior convictions which, in totality, demonstrated a "pattern of disrespect" for laws and authority.

In a case where the prosecutor sought to impeach a defendant by inquiring as to a prior cocaine transaction with another party (but not raised under the felony conviction provision of Rule 609(a)), our Supreme Court concluded that: "Arranging a drug transaction in and of itself is not probative of whether a person is truthful or untruthful." *State v. Fernandez*, 124 Idaho 381, 383, 859 P.2d 1389, 1391 (1993). Consistent with the Court's statement in *Fernandez*, it appears that a trial court should be cautious in considering whether a felony conviction for participating in the delivery of a controlled substance is sufficiently relevant, when exploring its admissibility with respect to an issue of credibility under Rule 609(a).

■ For the purpose of assuring proper introduction of evidence pursuant to Rule 609(a), we conclude that a trial court must make a record of its reasons for concluding that a felony conviction for any particular crime is relevant to the credibility of the witness with respect to whom the evidence is being adduced. That was not done here. Once this determination has been made, then the trial court must weigh the probative value of the evidence against the prejudice which might result from introduction of the evidence. Here, although the record shows that the weighing was done minimally, it was not preceded by a determination of the relevancy of the felony conviction to credibility.

Accordingly, we hold that the district court erred in permitting the State to introduce evidence of a prior felony conviction for the purpose of impeaching the testimony of Petra Franco.

The judgment of conviction is vacated and the case is remanded to the district court for further proceedings.

LANSING and PERRY, JJ., concur.