932 P.2d 363

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kerri Lynn WHEELER, Defendant–Appellant.**

No. 22126.

Court of Appeals of Idaho.

Jan. 27, 1997.

Aherin, Rice & Anegon, Lewiston, for appellant.  Anthony C. Anegon argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, argued, Boise, for respondent.

WALTERS, Chief Judge.

Kerri Lynn Wheeler appeals from the judgment of conviction and unified sentence of six years, with a minimum term of confinement of two years, which she received for the crime of principal to the delivery of a controlled substance, methamphetamine. I.C. §§ 37–2732(a)(1)(A) and 18–204. For the following reasons, we affirm.

## BACKGROUND

The charge stemmed from Wheeler's participation in a controlled drug buy that took place on March 8, 1994, in the parking lot of the Canned Food Outlet in Lewiston. Wheeler entered a plea of not guilty, and the case was set for trial. The state identified as one of its witnesses the confidential informant who had purchased the methamphetamine from Wheeler's co-defendant, May'rie Livengood. When the confidential informant was suddenly hospitalized during the trial before he had been called by the state to testify, the state moved for a continuance, asserting that the witness could be available to testify in two to three days. In response, Wheeler moved for a mistrial, which was denied. The district court granted a six-day continuance. After hearing all of the evidence, the jury returned a verdict of guilty. Thereafter, the district court entered its judgment of conviction and imposed sentence. The district court declined to reduce Wheeler's sentence upon her I.C.R. 35 motion. Wheeler appealed from the judgment of conviction and sentence.

## DISCUSSION

### A. Denial of mistrial

Wheeler first argues that the district court erred in denying her motion for a mistrial. Because the state had presented its entire case, with the exception of the testimony of the confidential informant, Wheeler argued to the district court that she would be prejudiced by a continuance until the informant was available to testify.

Wheeler contends on appeal that a mistrial should have been granted because a continuance allowed for potential detrimental exposure of the jury to the media and to outside information during the delay in the trial.

It is within the trial court's sound discretion to grant or deny a mistrial. *State v. Talmage*, 104 Idaho 249, 658 P.2d 920 (1983); *State v. Atkinson*, 124 Idaho 816, 818, 864 P.2d 654, 656 (Ct.App.1993), *cert. denied*, 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994). The disposition of a motion for continuance also rests within the sound discretion of the trial court. *State v. Pratt*, 125 Idaho 546, 873 P.2d 800 (1993). When the trial court denies a mistrial motion, the question on appeal must be whether the event which precipitated the motion represented reversible error when viewed in the context of the full record. *State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App. 1983).

Wheeler sought a mistrial as a result of the state's motion for a continuance which Wheeler claimed would compromise her right to a fair trial. The practice of granting such continuances because of unexpected developments during the course of a jury trial is commonplace in many jurisdictions. *See Dunkerley v. Hogan*, 579 F.2d 141, 147 (2d Cir.1978). In a situation similar to the instant case where a witness (co-defendant Smith), required surgery, prompting the district court to grant a mid-trial continuance, the defendant Palmer moved for a mistrial and argued that the jury would have an extended period of time to contemplate the government's position in the case without hearing the countervailing argument. *United States v. Smith*, 44 F.3d 1259 (4th Cir. 1995). The district court's decision to grant a continuance and to deny a mistrial was affirmed on appeal. The court on appeal held:

While the [thirty-two day] hiatus was a long one for a jury trial and can be tolerated only as a rare exception, the district court was fully aware of the difficulties the hiatus presented and took repeated steps to mitigate the potential for prejudice. Furthermore, Palmer has demonstrated no *actual* prejudice.

*Id.* at 1268 (emphasis in original). The court further noted that if Palmer's motion for mistrial had been granted, the trial court would have been confronted with double jeopardy arguments relating to a retrial, *citing Dunkerley v. Hogan, supra. Id.*

At the hearing on the motions in Wheeler's case, the district court considered the potential for prejudice to Wheeler and to the state, concluding that a continuance of a few days would occasion no greater exposure to outside influences than would adjourning the trial over a long weekend. The district court found that any prejudice from a continuance in the trial would weigh against the state, which had presented the bulk of its case and risked that over the course of the delay in the trial the jury would be unable to retain all it had heard. In electing to grant a continuance rather than declare a mistrial, the district court also adopted precautionary measures of admonishing the jurors before suspending the trial, and inquiring of them at the resumption of the trial concerning outside influences.

We conclude that the district court correctly perceived the issue as one of discretion, acted within the boundaries of discretion and consistent with applicable legal standards, and reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). We hold, therefore, that the district court's decision to continue the trial was not an abuse of its discretion, and we affirm the order denying Wheeler's motion for mistrial.

## B. Evidence of witness's prior felony conviction

■ Next, Wheeler asserts that evidence of the confidential informant's prior felony conviction should have been admitted. Wheeler argues that the informant's conviction for delivery of marijuana was relevant to impeach the informant's credibility because the conviction was for an offense similar to the crime with which Wheeler was charged. Wheeler contends that the conviction was also relevant to the informant's motivation and, accordingly, should have tipped the balance in favor of admitting the evidence of the prior conviction.

■ Idaho Rule of Evidence 609 provides that evidence of conviction of a crime is admissible to impeach the credibility of a witness. The rule requires an initial determination that the fact or nature of the conviction is relevant to the credibility of the witness followed by a weighing of the probative value against the prejudicial effect of the evidence. I.R.E. 609(a); *State v. Franco,* 128 Idaho 815, 817, 919 P.2d 344, 346 (Ct. App.1996); *Golden Condor, Inc. v. Bell,* 106 Idaho 280, 678 P.2d 72 (Ct.App.1984). Balancing the probative value against the prejudicial effect of such impeachment evidence is left to the discretion of the trial judge and will not be disturbed on appeal unless that discretion has been abused. *State v. Rodgers,* 119 Idaho 1066, 1072, 812 P.2d 1227, 1233 (Ct.App.1990), *citing State v. Winkler,* 112 Idaho 917, 736 P.2d 1371 (Ct.App.1987).

■ A trial court must make a record of its reasons for concluding that a felony conviction for any particular crime is relevant to the credibility of the witness with respect to whom the evidence is being adduced. *State v. Franco, supra.* Here, the district court found that the confidential informant's conviction for delivery of marijuana did not go to the ability of the witness to tell the truth and provided no basis from which the district court could judge that a person with that kind of conviction was not truthful. The district court then concluded that any relevance of the delivery conviction was outweighed by its prejudicial effect. The district court, therefore, did not allow evidence that the informant had been convicted of delivery of marijuana. We hold that no abuse of discretion occurred and that the district court did not err in excluding evidence of the prior conviction.

## C. Sentencing issues

■ Wheeler argues that her due process rights were violated at sentencing. She asserts that, in fashioning its sentence, the district court improperly relied on hearsay contained in the pre-sentence investigation report (PSI), which she claimed was successfully rebutted at the sentencing hearing. Wheeler asserts that the district court

abused its discretion in imposing a unified sentence of six years, with a two-year minimum term of confinement. Wheeler also claims that her sentence is excessive.

█ Where actions or allegations by a third party raise an issue relevant to a defendant's sentence, due process is satisfied if the defendant is given a full opportunity to explain or defend his position on the issue and to present favorable evidence in his own behalf. *Ratliff v. State*, 115 Idaho 840, 843, 771 P.2d 61 (Ct.App.1989). It is undisputed that Wheeler's counsel at sentencing not only corrected errors, but provided explanations for the negative information in the PSI report. In particular, counsel rebutted the comments in the PSI indicating that Wheeler had obtained food and gas vouchers from local churches illegitimately, and that she had forged a deed to the property of an elderly woman whom Wheeler had been employed to care for. Wheeler's poor work history was also explained by counsel.

█ In sentencing a defendant, the court may consider hearsay evidence, evidence of previously dismissed charges against the defendant, or evidence of charges which have not yet been proved, so long as the defendant has the opportunity to object to, or rebut, evidence of his alleged misconduct. *State v. Campbell*, 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct.App.1993). However, it is error for the district court to consider such information if there is no reasonable basis to deem it reliable, as where information is simply conjecture or speculation. *Id.*; I.C.R. 32(e)(1), (2).

The district court began its sentencing remarks by stating that the information provided by the presentence investigator, and that contained in the letters of recommendation submitted by Wheeler, presented an image of two different people. Based on life experience and upon Wheeler's image as perceived by the court, the district court determined which was the more accurate set of information.

█ The findings of the trial judge in sentencing are based not only on what has been learned during trial, but also on information gathered from many other sources, and a trial court's duty to arrive at a sentence appropriate to an individual defendant necessitates access to a wide range of information. *State v. Sivak*, 105 Idaho 900, 674 P.2d 396 (1983). The ability of the trial judge to discern the character and observe the demeanor of a defendant is essential to the ultimate goal of tailoring a sentence to the particular defendant. *State v. Aragon*, 107 Idaho 358, 690 P.2d 293 (1984).

The district court found that Wheeler, a mother of four young children, repeatedly took advantage of her children and used their condition to get herself out of trouble. With respect to the instant charge, the district court found Wheeler's explanation for her presence at the Canned Food Outlet—that she would go to a grocery store four times every day prior to preparing meals and prior to having a snack—so unreasonable as to demonstrate a total lack of respect for the court. The district court found that Wheeler was unable to recognize her illegal conduct and take responsibility for that conduct. As a result of its review of the PSI, the district court determined that Wheeler's answers to some of the questions were a continuation of Wheeler's "con." The district court concluded that Wheeler was familiar with the criminal justice system and that she knew the right answers to give, although her conduct showed something different. The district court further concluded that the PSI revealed in Wheeler' past conduct a pattern of taking advantage of other people, a poor work history and, in Wheeler's profession as a certified nurse's assistant, problems with elderly clients. The district court was convinced that Wheeler was a danger to society.

The conclusion reached by this Court on review of the sentencing transcript is that Wheeler was afforded the opportunity to respond to adverse evidence submitted as part of the PSI, although she failed to effectively rebut that evidence. Wheeler has failed to show that the district court abused its discretion in weighing the information available at sentencing. Nor has Wheeler shown that the district court abused its discretion in imposing Wheeler's sentence which is well within statutorily prescribed limits. We conclude that the district court imposed sen-

tence only after due consideration of the sentencing objectives of rehabilitation, deterrence, retribution and the protection of society.

Finally, Wheeler claims that her sentence is excessive. She asserts that the district court erred in denying her I.C.R. 35 motion to reduce the sentence, arguing that the district court ignored information she submitted which contradicts the presentence investigator's opinion that Wheeler wrote and forged one of the letters of recommendation and that she is a liar.

A motion under Rule 35 is addressed to the sound discretion of the sentencing court. *State v. Swan*, 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). The factors considered in determining whether to reduce a sentence are the same as those considered in evaluating whether the original sentence was excessive. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 ( Ct.App. 1987); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). A Rule 35 motion may be granted if the original sentence was unduly severe in light of additional or new evidence submitted with the motion. *State v. Shiloff*, 125 Idaho 104, 107, 867 P.2d 978, 981 (1994); *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987).

In its order denying reduction of the sentence, the district court restated its observations that: Wheeler does not accept responsibility for her actions and is chameleon-like; that her explanations of her illegal conduct lack credibility; and that despite her efforts and protestations to the contrary, she showed no signs of remorse and believes she can manipulate the system to her benefit. The district court concluded that it had been provided no reason for altering its original sentencing decision. Having determined that the original sentence was not excessive, we also conclude that no abuse of discretion occurred in the denial of Wheeler's Rule 35 motion.

## CONCLUSION

In conclusion, the district court did not err in granting a continuance rather than granting Wheeler's motion for mistrial. The district court acted within its discretion in excluding evidence of the confidential informant's prior felony conviction, and we affirm the judgment of conviction. We also uphold the sentence of six years, with a two-year minimum term of confinement.

LANSING and PERRY, JJ., concur.