**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43211**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 784** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 21, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT CONRAD MACNEILAGE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and sentences for insurance fraud, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Robert Conrad MacNeilage appeals from his judgment of conviction for two counts of insurance fraud following a jury trial and from the district court's order relinquishing jurisdiction. Specifically, MacNeilage argues the district court (1) improperly excluded witness impeachment evidence; (2) imposed excessive sentences; and (3) abused its discretion in relinquishing jurisdiction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

MacNeilage was in the business of repairing and reselling cars. In March 2013, MacNeilage purchased a BMW to repair and resell. Later that same month, MacNeilage reported to his insurance company that the BMW had been damaged while he was towing it

behind his truck. The insurance adjustor declared the car a total loss and paid the claims on the damage to the car and truck.

Several months later, MacNeilage's former business partner, Ronald, contacted the insurance company to report that MacNeilage had admitted to intentionally damaging the two vehicles. Ronald owned the auto shop from which MacNeilage was running his business. As part of the investigation of this allegation, an insurance investigator interviewed a former employee of MacNeilage, Tanner, who claimed that he was with MacNeilage when he intentionally damaged the vehicles. The State then charged MacNeilage with four counts of insurance fraud, Idaho Code § 41-293(1)(c).

During trial, the jury heard evidence that MacNeilage had purchased the BMW with the intention of repairing it for a quick sale. MacNeilage was frustrated after learning that a part he needed to repair the vehicle would not be received for several months. Witnesses testified that after learning this information, MacNeilage engaged in a conversation with several individuals in the auto shop about ways to destroy a car. The individuals present for that conversation were Tanner, Ronald, Ronald's girlfriend, Justin, Richard, and MacNeilage.

On the third day of trial, before the jury convened and before Justin and Richard testified, MacNeilage advised the court that it might want to inquire about Justin's and Richard's prior felony convictions.

> Defense: We do have a 609 issue on Justin [] who was convicted for burglary and is currently on probation for felony burglary.
>
> Court: Where is your 609 hearing before trial as required by the rule?
>
> Defense: Well, your Honor, I'm asking for that hearing right now. I don't know what else to say about the conviction. It stands. It's clearly within the grasp of the 609 rule, and it's clearly a felony that--conviction that reflects upon the credibility of the witness.
> . . . .
>
> Court: [B]ased upon what I've heard, I will allow reference to the fact that he has been convicted of a felony. I will not allow reference to the nature of the felony. I don't think that's--I don't think this--I don't think burglary is a crime of moral turpitude. I don't think it's the kind of crime that---that would require the mention of the nature of the crime. But you may ask him if he's been convicted of a felony, and if he answers 'Yes,' that's the end of the discussion.

The court ruled similarly when MacNeilage asked about admitting evidence of Richard's felony conviction, stating, "I'll allow reference to [the] conviction, not to the nature of the crime."

2

The jury found MacNeilage guilty on two counts, but did not reach a verdict on the other two counts. The district dismissed those counts without prejudice after the State indicated it would not pursue them. The court sentenced MacNeilage to concurrent unified six-year sentences, with two years determinate. The court retained jurisdiction and MacNeilage was placed in a traditional rider program. MacNeilage filed a timely notice of appeal from his judgment of conviction. Several months later, at the recommendation of the correctional facility, the court relinquished jurisdiction over MacNeilage. MacNeilage then filed a motion for a new trial, which the district court denied.[1] We now consider MacNeilage's appeal from his judgment of conviction and the district court's order relinquishing jurisdiction.

## II.

## ANALYSIS

MacNeilage raises three issues on appeal. First, he argues that the district court erred by not allowing MacNeilage to impeach two State witnesses with information regarding the nature of their felony convictions. Second, MacNeilage argues that the district court abused its discretion by imposing excessive sentences. Finally, MacNeilage contends the district court abused its discretion in relinquishing jurisdiction. We address each issue in turn.

### A. Witness Impeachment Evidence

MacNeilage argues he should have been allowed to attack the credibility of two State witnesses using information as to the nature of their prior felony convictions. Specifically, MacNeilage wished to elicit that Richard had been convicted of credit card theft and Justin had been convicted of burglary. The district court ruled that it would allow reference to the fact that both men had previously been convicted of a felony, but would not allow reference to the nature of those felony convictions.

Idaho Rule of Evidence 609(a) sets forth the test for determining whether evidence of a witness's prior conviction is admissible at trial. At the time of this trial, the rule read, in relevant part:

> For the purposes of attacking the credibility of a witness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of

---

[1] The denial of this motion is not at issue in this appeal.

3

the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness.

I.R.E. 609(a).[2] Under this rule, the trial court must apply a two-pronged test to determine whether evidence of a prior felony conviction should be admitted. The court must determine (1) whether the fact or nature of the conviction is relevant to the credibility of the witness and (2) whether the probative value of the evidence outweighs its prejudicial effect. *State v. Bush*, 131 Idaho 22, 30, 951 P.2d 1249, 1257 (1997); *State v. Grist*, 152 Idaho 786, 789, 275 P.3d 12, 15 (Ct. App. 2012).

MacNeilage first asserts, and we agree, that the district court articulated the incorrect standard regarding the admissibility issue. During trial, the court stated:

> [A]s I understand the rule, there's a two-part finding that I must make. Number one, has he been convicted of a felony? Number two, is the nature of the felony such that it is warranted to inform the jury of that--of the nature of the felony because it reflects upon credibility?

While the second part of the court's inquiry aligns with the first prong of the test articulated in Rule 609(a), the court's articulation of the standard fails to address the second prong. Moreover, the court twice incorrectly asserted Rule 609 requires a pretrial hearing. Rule 609(a) only requires "a hearing be held outside the presence of the jury." *See State v. Franco*, 128 Idaho 815, 817, 919 P.2d 344, 346 (Ct. App. 1996).

When presented with a Rule 609(a) issue, a court is expected to "make a record of its reasons for concluding that a felony conviction for any particular crime is relevant to the credibility of the witness with respect to whom the evidence is being adduced." *Franco*, 128 Idaho at 818, 919 P.2d at 347. Then, once this determination has been made, the trial court must "weigh the probative value of the evidence against the prejudice which might result from the introduction of the evidence." *Id.*

Here, the court did not "make a record of its reasons" supporting its conclusion that the *fact of* the convictions would be admissible while the *nature of* the convictions would not. The court merely affirmed MacNeilage's clarification that it was finding burglary to not be a crime

---

[2] Idaho Rule of Evidence 609(a) has since been modified, effective January 1, 2016.

involving moral turpitude,[3] but made no findings with respect to credit card theft. Moreover, there is no evidence the court expressly considered the probative or prejudicial value of the evidence, as required under the second prong. We must surmise the court implicitly considered the prejudicial nature of the evidence based on its recognition that the "purpose of [Rule 609] is to keep information out from in front of the jury that would be unduly prejudicial," combined with the decision to admit the fact of the convictions.

However, even if we were to accept MacNeilage's arguments that the district court erred by not admitting evidence regarding the nature of the witnesses' felony convictions in addition to the fact of the felony convictions, such error was harmless. Any error in exclusion of evidence does not necessarily warrant reversal of a conviction. Where defendants have shown error, reversal is appropriate unless the appellate court is convinced beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *Chapman v. California*, 386 U.S. 18, 24 (1967); *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010); *State v. Bergerud*, 155 Idaho 705, 712, 316 P.3d 117, 124 (Ct. App. 2013).

MacNeilage contends the error is not harmless because his inability to challenge the veracity of the witnesses, who allegedly either had disagreements or were associated with individuals who had disagreements with MacNeilage, contributed to the jury's guilty verdict. We find this contention unpersuasive.

First, the credibility of these witnesses was not crucial to the State's case. The testimony elicited by the State from both Richard and Justin dealt with the topic of a conversation that took place in the auto repair shop shortly after MacNeilage learned he would not be able to obtain needed parts for the BMW. They testified that on the day of the conversation, MacNeilage seemed frustrated by the situation and that he and the other individuals in the shop all participated in joking about various ways to destroy a car. At most, this testimonial evidence went toward showing MacNeilage's state of mind and motive for destroying the car. However, the critical testimony in the case came from Tanner, who testified that he was with MacNeilage at the time he destroyed the BMW, and from Ronald, who testified that MacNeilage admitted to him the way in which he destroyed the BMW. Even if we were to assume more specific

---

[3] MacNeilage had asked the court: "I need the court to just clarify. The reason for the ruling as to burglary is because the court finds that is not a crime involving moral turpitude?" The court responded, "That's right."

evidence regarding the nature of Justin's and Richard's convictions would have caused the jury to question their truthfulness and not accept their testimony, this would have had no effect on discrediting the State's other main witnesses.

Second, the impeachment value of the excluded evidence was minimal. MacNeilage was permitted to introduce evidence that the two witnesses had felony convictions but declined to take advantage of that impeachment opportunity during trial. Instead, MacNeilage now argues more specific evidence regarding the felony convictions would have challenged the jury's opinion of the witnesses' honesty. This argument is unconvincing. First, theft has only a general relationship with honesty, and MacNeilage has presented no evidence as to how the facts of these specific felony convictions involved any element of fraud or deceit. *See Grist*, 152 Idaho at 791, 275 P.3d at 17 (finding evidence of burglary minimally relevant where no evidence was presented that the statute under which witness was convicted included element of fraud or deceit). Moreover, there was already evidence before the jury that both individuals had troubled pasts. Richard testified that he was uneasy with the conversation about destroying cars because of "problems in [his] past." Justin testified that when MacNeilage joked about wrecking the BMW, Justin "was on felony probation at the time." Ronald testified that both Richard and Justin had "criminal records."

Finally, the testimony offered by these individuals was corroborated by other witnesses. Tanner and Ronald both testified to being part of the same conversation as Richard and Justin, to participating in the jokes about destroying cars, and to not taking MacNeilage's remarks seriously.

In sum, we conclude beyond a reasonable doubt that any purported error by the trial court in excluding evidence of the specific nature of Richard's and Justin's felony convictions did not contribute to the verdict obtained.

**B.      Excessive Sentences**

MacNeilage next argues the district court abused its discretion by imposing excessive sentences. The district court imposed concurrent unified sentences of six years, with two years determinate. MacNeilage contends his sentences are excessive in light of the mitigating factors present in his case. He specifically points to the strong support he has from family and members of the community, as well as a good work history.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion based upon the facts of the case. In imposing the sentences, the court was focused on its primary objective of protecting society, as well as a desire to deter MacNeilage from future criminal activity. The court discussed at great length MacNeilage's criminal history, including its assessment that MacNeilage's history demonstrated an attitude of disregard for the law. MacNeilage's argument that the court should have given more deference to his support network and work ethic falls short of demonstrating that the court abused its discretion in sentencing. Accordingly, we affirm the sentences imposed by the district court.

## C. Relinquishment of Jurisdiction

Finally, MacNeilage contends the district court abused its discretion in relinquishing jurisdiction. As part of MacNeilage's sentences, the district court retained jurisdiction over MacNeilage for the first 365 days of his sentences. MacNeilage was placed into a traditional rider program. Approximately three months into this program, the district court received a letter from the correctional facility recommending that the court relinquish jurisdiction over MacNeilage. The facility made this recommendation because MacNeilage was (1) continuing to

use criminal and addictive thinking patterns, attitudes, and beliefs; (2) not demonstrating that he was an appropriate candidate for probation; and (3) not willing to take an honest look at his criminal behavior, beliefs, or attitudes and continued to pose a significant risk of reoffending if released.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

MacNeilage argues that in relinquishing jurisdiction, the court failed to consider MacNeilage's accomplishments while participating in the program. He points to his successful completion of specific classes and volunteer efforts as evidence of his rehabilitative potential. He also argues that the disciplinary actions against him while in the program stemmed, at least in part, from being singled out and intimidated by other inmates. The record before the court demonstrates that despite the successes MacNeilage experienced in the program, his behavior was still obstructive and noncompliant. He was reprimanded on numerous occasions for not adhering to scheduled programming times, possessing unauthorized property, violating the personal space of staff members, and the unauthorized sharing of phone time. Thus, based on the record in this case, we cannot say the district court abused its discretion in following the recommendation of the correctional facility to relinquish jurisdiction.

### III.

### CONCLUSION

Even assuming the district court erred in excluding evidence regarding the nature of the crimes for which the State witnesses had felony convictions, such error was harmless. Additionally, the court did not abuse its discretion in sentencing MacNeilage or in relinquishing jurisdiction. Accordingly, we affirm MacNeilage's judgment of conviction and sentences and the district court's order relinquishing jurisdiction.

Judge GRATTON and Judge HUSKEY **CONCUR**.