579 S.E.2d 318

**The STATE, Respondent,**

v.

**Laterrance Ramone DUNLAP, Petitioner.**

**No. 25616.**

Supreme Court of South Carolina.

Heard March 6, 2003.

Decided April 7, 2003.

Stephen D. Schusterman, of Rock Hill, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Thomas E. Pope, of York, for Respondent.

Justice PLEICONES.

We granted certiorari to consider whether the Court of Appeals erred in holding that evidence of petitioner's prior drug convictions were properly admitted at trial. *State v. Dunlap*, 346 S.C. 312, 550 S.E.2d 889 (Ct.App.2001). We affirm as modified, finding that Judge Shuler's concurring opinion properly analyzed this case as one involving 'door opening' or 'invited response.'

## FACTS

Petitioner was convicted of distributing crack cocaine in 1999 and received a nineteen-year sentence and was ordered to pay a $100,000 fine. His prior record included the following convictions:

1997: conspiracy to possess crack cocaine with intent to distribute

1994: distribution of an imitation drug

1994: simple possession of marijuana

1991: shoplifting

During petitioner's attorney's opening statement, counsel acknowledged that petitioner "had been in trouble with the law from the time he was fifteen years old," was "a young man addicted to drugs," and "we could convict him right now because he is a young man who was hooked on crack and had a problem with it. He never sold it, but he used it."

## ISSUE

Whether petitioner's prior drug convictions were properly admitted?

## ANALYSIS

While it is technically accurate that petitioner had never been convicted of distributing crack cocaine, an examination of his record demonstrates that he had attempted, albeit unsuccessfully, to position himself as a drug dealer. The 1994 conviction for distributing an imitation substance came about when petitioner sold a chunk of white chocolate for $800, representing it to be crack cocaine. In 1997, petitioner was convicted of conspiracy to possess crack cocaine with intent to distribute.

The opening statement created the impression that petitioner had no prior connection to the sale of narcotics. In reality, petitioner was not a mere drug user, but an individual who sought to 'elevate' his status to that of a drug dealer. That he was unsuccessful in actually selling anyone illegal drugs does not alter the fact that he tried. We therefore agree with Judge Shuler that petitioner's counsel opened the door to the introduction of evidence rebutting the contention that petitioner was merely an addict. *Compare Edmond v. State,* 341 S.C. 340, 534 S.E.2d 682 (2000) fn. 3 (noting counsel can open door to evidence of post-arrest silence by asserting government never gave defendant opportunity to tell his story); *cf. State v. Locklair,* 341 S.C. 352, 535 S.E.2d 420 (2000) (statement at pretrial hearing that defendant may offer evidence of mental illness at trial opened door to court-ordered psychiatric exam and to issue of defendant's mental health).

Because we find that counsel opened the door to the admission of petitioner's prior drug record, we need not reach

the issue whether these convictions were admissible to impeach petitioner's credibility under Rule 609, SCACR. We take this opportunity, however, to remind the bench and bar that violations of narcotics laws are generally not probative of truthfulness. *State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000) (applying Rule 608, SCRE). This relative lack of probative value should figure prominently in the weighing of prejudice, pursuant to Rule 609(a)(1), when determining whether to permit a criminal defendant's impeachment by such conduct. *See Green v. State*, 338 S.C. 428, 527 S.E.2d 98 (2000)(factors to be considered in allowing impeachment with prior convictions for crimes not involving dishonesty or falsehood). Further, we agree with Judge Shuler that when the prior offense is similar to the offense for which the defendant is on trial, the danger of unfair prejudice to the defendant from impeachment by that prior offense weighs against its admission. *See e.g., State v. Colf*, 337 S.C. 622, 628, 525 S.E.2d 246, 249 (2000)(similarity of prior crimes increases prejudice, not probative value).

## CONCLUSION

The decision of the Court of Appeals affirming petitioner's appeal is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.