# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 4, 2003 Session

## STATE OF TENNESSEE v. VERNON D. WALLER

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2000-C-1618     Cheryl A. Blackburn, Judge**

---

### No. M2001-02414-SC-R11-CD - Filed October 30, 2003

---

We granted this appeal to determine whether the trial court erred in ruling that the appellant's prior felony drug convictions would be admissible for impeachment purposes if he testified. The Court of Criminal Appeals affirmed the trial court, holding that the prior convictions were relevant to the issue of the appellant's credibility and that the probative value of the evidence outweighed any unfair prejudicial effect. We granted the appellant's application for permission to appeal. After thoroughly reviewing the record and applicable law, we conclude that the trial court erred in allowing the State to use the appellant's prior felony drug convictions for impeachment purposes. However, because the appellant failed to demonstrate that he was prejudiced by the trial court's erroneous ruling, we hold that the error was harmless. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

William J. Steed, III (on appeal) and Joseph E. Clifton (at trial), Assistant Public Defenders, Nashville, Tennessee, for the appellant, Vernon D. Waller.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Gordon W. Smith, Associate Solicitor General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The appellant, Vernon Dewayne Waller, was arrested for selling a substance represented to be crack cocaine to an undercover police officer. Two independent tests revealed that the substance did not contain cocaine or any other controlled substance. Waller was charged with the unlawful sale of a counterfeit controlled substance in violation of Tennessee Code Annotated section 39-17-423(a). He entered a plea of not guilty.

The State served notice of its intent to use Waller's seven prior convictions for impeachment purposes. Waller filed a pre-trial motion requesting a ruling on the admissibility of the convictions. The trial court ruled that three of the seven convictions would be admissible for impeachment purposes if Waller testified. The three convictions included a March 1990 conviction for possession of a controlled substance for resale, a February 1992 conviction for sale of a controlled substance, and a November 1999 conviction for facilitation of sale of a controlled substance.

On May 15, 2001, a jury found Waller guilty of the unlawful sale of a counterfeit controlled substance. Waller did not testify at trial. The trial court sentenced him to six years in the Department of Correction.

The Court of Criminal Appeals affirmed Waller's conviction and sentence. The intermediate appellate court held that the trial court correctly concluded that Waller's three prior felony drug convictions were relevant to the issue of his credibility and that the probative value of the evidence outweighed any unfair prejudicial effect. We granted review.

**Analysis**

Rule 609 of the Tennessee Rules of Evidence permits the State to attack the credibility of a criminal defendant by presenting evidence of prior convictions if four conditions are satisfied. See Tenn. R. Evid. 609.[1] First, the prior conviction must be punishable by death or imprisonment over

---

[1] Rule 609 provides:

> **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime may be admitted if the following procedures and conditions are satisfied:
>
> . . . .
>
> (2) The crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or, if not so punishable, the crime must have involved dishonesty or false statement.

(continued...)

-2-

one year or must involve a crime of dishonesty or false statement. See Tenn. R. Evid. 609(a)(2). In addition, less than ten years must have elapsed between the defendant's release from confinement for the prior conviction and the commencement of the subject prosecution. See Tenn. R. Evid. 609(b). Finally, the State must give reasonable pre-trial written notice of the impeaching conviction, and the trial court must find that the impeaching conviction's probative value on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. See Tenn. R. Evid. 609(a)(3).

It is the last of these conditions that is at issue in this case. Waller argues that the prior convictions found admissible for impeachment purposes by the trial court have little or no probative value as to credibility. Because these convictions are substantially similar to the present charge, he contends that the trial court erred in finding that the convictions' probative value on the issue of credibility outweighed their unfair prejudicial effect.

We review a trial court's ruling on the admissibility of prior convictions for impeachment purposes under an abuse of discretion standard. See State v. Mixon, 983 S.W.2d 661, 675 (Tenn. 1999); State v. Blanton, 926 S.W.2d 953, 960 (Tenn. Crim. App. 1996). A trial court abuses its discretion only when it "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999) (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)).

Two criteria are especially relevant in determining whether the probative value of a conviction on the issue of credibility outweighs its unfair prejudicial effect upon the substantive issues: (1) the impeaching conviction's relevance as to credibility; and (2) the impeaching conviction's similarity to the charged offense. Mixon, 983 S.W.2d at 674. A trial court should first analyze whether the impeaching conviction is relevant to the issue of credibility. Id. Rule 609 of the Tennessee Rules of Evidence suggests that the commission of any felony is "generally probative" of a criminal defendant's credibility. See State v. Walker, 29 S.W.3d 885, 890 (Tenn. Crim. App.

---

[1](...continued)
> (3) If the witness to be impeached is the accused in a criminal prosecution, the State must give the accused reasonable written notice of the impeaching conviction before trial, and the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues. . . . If the court makes a final determination that such proof is admissible for impeachment purposes, the accused need not actually testify at the trial to later challenge the propriety of the determination.
>
> **(b) Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed between the date of release from confinement and commencement of the action or prosecution; if the witness was not confined, the ten-year period is measured from the date of conviction rather than release.

Tenn. R. Evid. 609.

1999). However, this Court has previously rejected a per se rule that permits impeachment by any and all felony convictions. See Mixon, 983 S.W.2d at 674. A prior felony conviction still must be analyzed to determine whether it is sufficiently probative of credibility to outweigh any unfair prejudicial effect it may have on the substantive issues of the case. See id. To determine how probative a felony conviction is to the issue of credibility, the trial court must assess whether the felony offense involves dishonesty or false statement. Walker, 29 S.W.3d at 890.

The trial court in this case concluded that Waller's March 1990, February 1992, and November 1999 convictions involved dishonesty. The court stated that these convictions were for "crimes of dishonesty in the sense of it is illegal to possess those substances in this State." Consequently, the trial court ruled that the State would be allowed to use these convictions to impeach Waller if he testified.

In our view, Waller's prior convictions do not involve dishonesty or false statement as contemplated by Rule 609. Waller's three prior convictions are for possession of a controlled substance for resale, sale of a controlled substance, and facilitation of sale of a controlled substance. The trial court based its finding that these felony drug convictions involve dishonesty upon the illegality of the possession of a controlled substance. We are unwilling to hold that every conviction for an illegal act is indicative of dishonesty. Accepting the trial court's reasoning "would preclude any principled differentiation among crimes of varying impact on witness veracity." State v. Zaehringer, 325 N.W.2d 754, 757 (Iowa 1982); see also Gregory v. State, 616 A.2d 1198, 1204 (Del. 1992) (rejecting reasoning similar to that applied by the trial court in the present case). Under the trial court's rationale, virtually all convictions for crimes committed knowingly or intentionally would be admissible for impeachment purposes. We decline to read Rule 609 in such a manner.

The offenses for which Waller has been convicted do not comport with the plain meaning of "dishonesty." The statutory elements of these offenses do not require that the controlled substance be sold or possessed in a manner that involves deceit or fraud.[2] See Walker, 29 S.W.3d at 891 (stating that "the evidence relating to the elements of the crime is to be considered in questioning the offense's relevance to dishonesty, not the general circumstances or environment within which the offense was committed"); see also United States v. Lewis, 626 F.2d 940, 946 (D.C. Cir. 1980) (interpreting Rule 609 of the Federal Rules of Evidence to require that the crime involve dishonesty

---

[2] Tennessee Code Annotated section 39-17-417(a) provides, "It is an offense for a defendant to knowingly: (1) Manufacture a controlled substance; (2) Deliver a controlled substance; (3) Sell a controlled substance; or (4) Possess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Tenn. Code Ann. § 39-17-417(a) (1997 & Supp. 2002). Under Tennessee Code Annotated section 39-11-403(a), "[a] person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a) (1997). Depending on the circumstances of the offense, a violation of Tennessee Code Annotated section 39-17-417(a) is an offense that could range from a Class A felony to a Class E felony. See Tenn. Code Ann. § 39-17-417(b)-(l) (1997 & Supp. 2002).

or false statement as an element of the statutory offense);[3] Gregory, 616 A.2d at 1204 (concluding that the elements of the crime of possession of a controlled substance with intent to deliver "require no proof of conduct involving lying, deceiving, cheating, stealing or defrauding"); Zaehringer, 325 N.W.2d at 756 (holding that the elements of the delivery of marijuana offense do not involve "deceit, fraud, cheating, or stealing").

Case law from other jurisdictions supports our view that drug convictions do not involve dishonesty or false statement. See Lewis, 626 F.2d at 946 (stating that the defendant's prior felony conviction for the unlawful distribution of a controlled substance did not involve dishonesty or false statement within the meaning of Rule 609 of the Federal Rules of Evidence); United States v. Puco, 453 F.2d 539, 543 (2d Cir. 1971) (concluding that narcotics convictions are not highly relevant to the issue of veracity); State v. Geyer, 480 A.2d 489, 496-97 (Conn. 1984) (concluding that convictions for narcotics offenses do not reflect directly on credibility and stating that such convictions "clearly lack[] the direct probative value of a criminal conviction indicating dishonesty or a tendency to make false statement"); Gregory, 616 A.2d at 1204-05 (explaining that drug-related offenses generally do not involve dishonesty or false statement); State v. Fernandez, 859 P.2d 1389, 1391 (Idaho 1993) (holding that "[a]rranging a drug transaction in and of itself is not probative of whether a person is truthful or untruthful"); State v. Konechny, 3 P.3d 535, 546 (Idaho Ct. App. 2000) (stating that felony drug convictions are not "intimately connected" with credibility); Zaehringer, 325 N.W.2d at 756-57 (holding that narcotics offenses do not involve dishonesty or false statement); State v. Aleksey, 538 S.E.2d 248, 255 (S.C. 2000) (indicating that violations of narcotics laws are generally not probative of truthfulness); State v. Hardy, 946 P.2d 1175, 1178 (Wash. 1997) (commenting that "[d]rug convictions are not crimes of 'dishonesty or false statement' like perjury or criminal fraud and thus [Rule 609] does not apply"). Therefore, we conclude that these prior felony drug convictions are, at best, only slightly probative of Waller's credibility.

Once the trial court finds that the impeaching conviction has some relevance to the issue of the defendant's credibility, it should next "'assess the similarity between the crime on trial and the crime underlying the impeaching conviction.'" Mixon, 983 S.W.2d at 674 (quoting Cohen, Sheppeard & Paine, Tennessee Law of Evidence § 609.9 (3d ed. 1995)). When an impeaching conviction is substantially similar to the charged offense, a danger exists that jurors will improperly consider the impeaching conviction as evidence of the propensity of the defendant to commit the crime. Id. Accordingly, the unfair prejudicial effect of an impeaching conviction on the substantive issues greatly increases if the conviction is substantially similar to the charged offense. Id. However, evidence of a prior conviction that is substantially similar to the charged offense is not per se inadmissible for impeachment purposes. See State v. Galmore, 994 S.W.2d 120, 122 (Tenn. 1999). Under these circumstances, a trial court should carefully balance the impeaching conviction's

_____

[3] The Advisory Commission Comment to Rule 609 of the Tennessee Rules of Evidence states that the rule follows this Court's opinion in State v. Morgan, 541 S.W.2d 385 (Tenn. 1976), in which we adopted Rule 609(a) & (b) of the Federal Rules of Evidence. Federal developments are instructive when the federal rule is the source of our rule. See Walker, 29 S.W.3d at 890.

relevance with regard to credibility against its unfair prejudicial effect on substantive issues. <u>Mixon</u>, 983 S.W.2d at 674.

The trial court did not explicitly state whether it found Waller's prior convictions and the charged offense to be substantially similar. Nevertheless, it is clear that each of these prior convictions is substantially similar to the charged offense. Waller's three prior convictions as well as his present charge involve the sale or the intent to sell cocaine or a substance represented to be cocaine. While it may be true that Waller's three prior drug convictions are more probative of credibility than a lesser number would be, they are also more prejudicial considering the nature of the charged offense. <u>See</u> <u>Walker</u>, 29 S.W.3d at 891 (stating that "five previous felony convictions are more probative on the issue of the defendant's credibility than would be a fewer amount" but also that "[t]he fact that the defendant had five previous felony convictions relating to the sale of cocaine greatly increases the risk that the jury would consider them to be evidence that the defendant acted the same way on the day in question"); <u>see also</u> <u>Geyer</u>, 480 A.2d at 497-98 (indicating that a "greater number [of convictions] implies an inveterate affinity for illegal narcotics, thereby engendering a greater prejudice than a single prior conviction might create"). Waller's conviction of crimes relating to the sale of cocaine on three previous occasions increases the risk that the jury would improperly consider the impeaching convictions as evidence of his propensity to commit the present offense. The convictions' unfair prejudicial effect, therefore, is great. This unfair prejudicial effect outweighs any probative value Waller's drug convictions may have on the issue of credibility. <u>See</u> <u>State v. Dunlap</u>, 579 S.E.2d 318, 320 (S.C. 2003) (noting that the relative lack of probative value narcotics offenses have to credibility should "figure prominently in the weighing of prejudice . . . when determining whether to permit a criminal defendant's impeachment by such conduct"). We therefore hold that the trial court erred in allowing the State to use Waller's prior felony drug convictions for impeachment purposes.

Our analysis does not end here, however. We must next consider whether the error in this case affirmatively or more probably than not affected the judgment to Waller's prejudice. <u>See</u> Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b); <u>Galmore</u>, 994 S.W.2d at 125. Waller is not entitled to relief if he was not prejudiced by the error. <u>State v. Taylor</u>, 993 S.W.2d 33, 35 (Tenn. 1999).

Waller presented no evidence at trial, and he failed to make an offer of proof as to his proposed testimony. <u>See</u> <u>Galmore</u>, 994 S.W.2d at 125 (holding that an offer of proof is not required to preserve a claim of an erroneous ruling on admissibility for review but concluding that it may be the only way to demonstrate prejudice). He also has presented no argument on appeal concerning the substance of his contemplated testimony. At trial, the State presented the testimony of two police officers who observed Waller sell the counterfeit substance. This evidence against Waller is overwhelming and uncontroverted. Consequently, Waller has failed to demonstrate that he was prejudiced by the trial court's erroneous ruling. We hold, therefore, that the trial court's error in ruling that Waller's prior felony drug convictions would be admissible for impeachment purposes was harmless. <u>See</u> <u>Galmore</u>, 994 S.W.2d at 125; <u>Taylor</u>, 993 S.W.2d at 35.

**Conclusion**

We hold that the trial court erred in ruling that the State could use the appellant's prior felony drug convictions for impeachment purposes. Under the circumstances of this case, however, the error was harmless. Accordingly, the judgment of the Court of Criminal Appeals is affirmed. It appearing that the appellant, Vernon Dewayne Waller, is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE