THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Howard B. Johnson,       
Appellant.
 
 
 

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2003-UP-707
Submitted September 17, 2003  Filed December 9, 2003 

APPEAL DISMISSED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Deputy Attorney Charles H. Richardson, all of Columbia;  
 and Solicitor John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM: Appellant appeals his conviction on an assault and battery 
 with intent to kill charge, arguing that the trial court erred in allowing testimony 
 that marijuana was found on Appellant the night of his arrest. We affirm
 FACTS
Defendant Johnson was involved in an altercation 
 with two or three persons at the Winnsboro Motor Inn where he was staying. During 
 the fight, Johnson used a box cutter and cut the face of one of his opponents. 
 A jury convicted Johnson on a charge of assault and battery with intent to kill. 
 The judge gave him a six-year sentence. 
Johnson maintains that the victim and two other 
 persons accosted him in an attempted robbery and that he used the box cutter 
 in self-defense. He maintains that he just happened to be carrying the box cutter 
 because he was returning from work. Johnson also contends that at least one 
 of the would-be robbers was carrying a knife. However, the victim testified 
 that Johnson started the altercation by calling her bitch. There was additional 
 testimony that Johnson first argued with the group, then went back to his room, 
 presumably to get the box cutter, and returned to continue the argument. On 
 direct examination, Johnson admitted that he had been in trouble with the law, 
 but insisted that nothing had happened in the last twenty years. He also denied 
 being involved with drugs. 
 
 ISSUE
Did the trial court err by allowing testimony that a small 
 amount of marijuana was found on Johnson on the night of his arrest where the 
 evidence did not tend to show motive, intent, the absence of mistake or accident, 
 a common scheme or plan, or the identity of the perpetrator, and where the defendant 
 did not open the door?
Pro se Issues:

(1) Did the trial court 
 err by admitting the impeachment evidence against Johnson where Johnson did 
 not receive sufficient advance notice, as required by Rule 609(b), SCRE?
(2) Did the trial court 
 err by allowing the state to impeach Johnson using criminal conviction dating 
 back more than ten years?
(3) Did the trial court err by allowing 
 the evidence concerning the 1997 incident since that evidence was prejudicial 
 toward Johnson?

 
 ANALYSIS
Evidence of prior crimes or misconduct is inadmissible 
 to prove the specific crime charged unless the evidence tends to establish (1) 
 motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme 
 or plan embracing the commission of two or more crimes so related to each other 
 that proof of one tends to establish the proof of the other; or (5) the identity 
 of the person charged with the present crime. State v. Tutton, 354 S.C. 
 316, 325, 580 S.E.2d 186, 189 (Ct. App. 2003) (citing State v. Lyle, 
 125 S.C. 406, 118 S.E. 803 (1923); Rule 404(b)). However, when a defendant testifies 
 on an issue, he opens the door for the admission of contrary evidence on that 
 issue. See State v. Dunlap, 353 S.C. 539, 541, 579 S.E.2d 318, 
 319 (2003) (finding that where defense opened the door by claiming that the 
 defendant had no connection to the sale of drugs, the state was entitled to 
 rebut that claim by delving into the defendants drug record). 
Here Johnson testified, mostly people staying 
 in the front was working people. Most of the people staying in the back was 
 drug addicts. The trial judge ruled that Johnson opened the door by attempting 
 to create the impression that he was not involved with drugs because he lived 
 in the front, unlike his victim who lived in the back. Therefore, the admission 
 of the drug found on Johnson was not error. Counsels petition to be relieved 
 is granted.
Pro se Issues.
The three issues that Johnson raises on appeal 
 were not preserved during the trial and therefore the Court cannot address them. 
 See Humbert v. State, 345 S.C. 332, 548 S.E.2d 862 (2001) (ruling 
 that issues not raised and ruled upon in the trial court will not be considered 
 on appeal); State v. Bryam, 326 S.C. 107, 485 S.E.2d 360 (1997) (holding 
 that this principle applies even if the arguments advanced are constitutional); 
 State v. Burton, 326 S.C. 605, 486 S.E.2d 762 (Ct. App. 1997) (explaining 
 that the failure to object at the time the evidence is offered constitutes a 
 waiver of the right to have the issue considered on appeal).
APPEAL DISMISSED.
Huff, Stilwell, and Beatty, JJ., concur.