THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kenneth Carlton Edwards, Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2008-UP-716
 Heard November 6, 2008  Filed December
19, 2008

AFFIRMED 

 
 
 
 Mario A. Pacella,
 of Columbia, for Appellant. 
 Attorney General
 Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant
 Attorney General Harold M. Coombs, Jr., and Solicitor B. Giese, all of
 Columbia; for Respondent.
 
 
 

PER CURIAM: In this appeal from a conviction
 for kidnapping and assault and battery of a high and aggravated nature, Appellant
 contends the trial court abused its discretion in admitting testimony regarding
 Appellant's fifteen-year-old arrest because it was (1) inadmissible character
 evidence or (2) because the evidence's prejudicial effect substantially
 outweighed its probative value pursuant to Rule 403, SCRE.  Appellant further
 asserts (3) the trial court abused its discretion in admitting hearsay
 testimony of a prior consistent statement and (4) the combined errors
 constitute reversible error.  We affirm.  
1.  As to issue one: State v. Hicks, 330 S.C.
 207, 216, 499 S.E.2d 209, 214 (1998) (noting an issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 court to be preserved for appellate review); State v. Byram, 326 S.C.
 107, 119, 485 S.E.2d 360, 366 (1997) (stating to preserve an issue for appeal,
 the issue must be raised to and ruled upon by the trial court).  
2.  As to issue two: State v. Wilson, 345 S.C.
 1, 6, 545 S.E.2d 827, 829 (2001) (holding the trial court did not abuse its
 discretion in admitting evidence where the probative value was not substantially
 outweighed by its prejudicial effect); State v. Lyles, 379 S.C. 328,
 338, 665 S.E.2d 201, 207 (Ct. App. 2008) (stating broad deference is given to
 the trial court in reviewing its Rule 403, SCRE, determination); State v.
 Major, 301 S.C. 181, 186, 391 S.E.2d 235, 238 (1990) (stating when the
 defendant offers testimony of his own good character, the State may
 cross-examine on that assertion); State v. White, 361 S.C. 407, 415-16,
 605 S.E.2d 540, 544 (2004) (holding an expert could testify to her belief in the
 victim because the defendant opened the door to such an inquiry); State v.
 Dunlap, 353 S.C. 539, 541, 579 S.E.2d 318, 319 (2003) (holding the trial
 court did not err in allowing the State to introduce evidence of the
 defendant's prior drug record because the defendant opened the door to being
 contradicted with such evidence when defendant's counsel asserted the defendant
 was merely a drug user); State v. Page, 378 S.C. 476, 482, 663 S.E.2d
 357, 360 (Ct. App. 2008) (stating otherwise inadmissible evidence may be
 properly admitted when the defendant opens the door to that evidence); State
 v. Dawkins, 297 S.C. 386, 392, 377 S.E.2d 298, 302 (1989) (stating a
 curative instruction is usually deemed to have cured an alleged error).
3.  As to issue three: State v. Davis, 371 S.C.
 170, 178-79, 638 S.E.2d 57, 62 (2006) (stating an error is harmless when it
 could not reasonably have affected the result of the trial).  
4.  As to issue four: See Whiteside v.
 Cherokee County School Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993)
 (finding the court need not address remaining issue when resolution of prior
 issue is dispositive).  
AFFIRMED.
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.