# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. TERRY LYNN BYINGTON

### Criminal Court for Sullivan County
### No. S46479   Phyllis H. Miller, Judge

---

### No. E2010-01154-CCA-RM-CD - Filed July 19, 2010

---

Defendant, Terry Byington, was convicted of DUI, fourth offense, and was sentenced to three years in the Department of Correction as a Range II, multiple offender for this Class E felony, with a minimum of 150 days to be served day for day. On direct appeal, this Court held that he waived all issues presented except for the sentencing issue and a challenge of the sufficiency of the evidence, because the motion for new trial was not timely filed, and was therefor a nullify. *See State v. Terry Lynn Byington*, No. E2003-02316-CCA-R3-CD, 2004 WL 1606993, (Tenn. Crim. App. at Knoxville, July 19, 1004) *perm. app. denied*. (Tenn. Dec. 28, 2004). Subsequently, Defendant filed a petition for post-conviction relief and, pursuant to T.C.A. § 40-30-113, a delayed appeal was ordered by the post-conviction court. Upon delayed appeal, this Court dismissed the appeal because the order denying the motion for new trial was not in the record. The Supreme Court granted Defendant's application for permission to appeal, and subsequently vacated this Court's judgment and remanded the case to this Court "for review of the issues raised by [Defendant] in his motion for new trial." *See State v. Byington*, 284 S.W.3d 220, 227 (Tenn. 2009). After review of the issues presented, the briefs of the parties, and the entire record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Michael F. McClellan Carrico, Gate City, Virginia, for the appellant, Terry Lynn Byington.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Mark Fulks, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, the State of Tennessee.

# OPINION

## Facts

The facts of this case were detailed in the opinion of this court the first time the conviction was appealed, and are set forth herein:

Officer Jason McClain of the Kingsport Police Department testified that on December 20, 2001, at approximately 1:00 a.m., he observed the defendant leaving a nightclub in Kingsport. McClain followed the defendant as he traveled down Sullivan Street and observed him cross over the center line several times. He stopped the defendant after following him about a half of a mile. As he approached the defendant's vehicle on the driver's side, he smelled a strong odor of alcohol coming from the vehicle and noticed the defendant's eyes were bloodshot. McClain asked the defendant to exit his vehicle and walk to the area behind his vehicle and in front of the patrol car. McClain smelled a strong odor of alcohol about the defendant's person and noticed that his speech was slurred. The defendant admitted that he drank three beers while at the nightclub, without specifying the time period within which he consumed them.

Officer McClain then asked the defendant to perform three field sobriety tests. As to the one-legged stand test, McClain said the defendant "did not keep his arms down to his side, he had his arms out to the side, swaying to keep his balance and he put his foot down several times." During the ABC's test, the defendant jumbled his letters and said, "I'm not drunk, I'm not drunk, I'm just going to Chuck's with my girlfriend." The witness could not recall whether the defendant ever completed that test. As to the finger count test, the defendant "didn't touch the correct fingers to his thumbs."

Officer McClain testified that he had made seven or eight hundred DUI arrests during his nine-year career, and, based on this experience and his observations of the defendant that morning, he believed the defendant was unable to safely operate a motor vehicle. He arrested the defendant and transported him to the Kingsport City Jail where he explained the implied consent law and the fact that he could not force him to take a breathalyzer test. The defendant refused to take a breath test and refused to sign the implied consent form. McClain said he could not remember if the defendant had said that he went to the nightclub to pick up his passenger, who was arrested for public drunkenness.

The forty-five-year-old defendant testified that he was employed as a sheet metal mechanic and was a divorced father of three. He said that on December 20, 2001, around 8:00 p.m., he drove his friend, Nancy Doveck, to "Five Points to the Pub." After dropping her off at the pub, the defendant returned home and went to bed between 10:00 and 10:30 p.m. Around 12:00 a.m., Ms. Doveck called him to come pick her up at the pub. He arrived there around 12:30 a .m. As he and Ms. Doveck were leaving, he noticed a police cruiser sitting to his left. The defendant backed out of the parking lot and headed toward Chuck's Drive-In. The defendant said that he may have crossed the yellow line while driving because he was watching the police officer who was following him and because Sullivan Street was not in good shape. After seeing the officer's blue lights, the defendant pulled into the parking lot of a furniture outlet. Because his window was wired shut, he opened the door to talk to the officer. The officer asked him how much he had had to drink, and the defendant replied, "[N]othing." The officer told him that some chewing gum was stuck on his teeth. The defendant pulled out his partial denture to show the courtroom where the gum had stuck to his tooth. The defendant said the partial caused him to "whistle a lot" when he talked but denied that his speech had been slurred the morning of his arrest.

The defendant testified that he could not perform the one-legged stand test because of problems with his back and the nerves in his left leg, explaining that he had three blown discs and a severed nerve on his left side. As to the ABC's test, the defendant explained that he cannot say the alphabet without starting at the beginning.

The defendant said he refused to take a breathalyzer test without taking a blood test first because "I was going to jail for something I didn't, didn't do and I wanted an independent test on it that was for sure." The defendant denied that he had been under the influence of any intoxicants or alcohol in the early morning hours of December 20, 2001.

*Terry Lynn Byington*, 2004 WL 1606993 at *1-2.

Defendant's motion for new trial, filed after he was granted post-conviction relief to the extent that a delayed appeal was granted, alleges three grounds for relief, set forth verbatim as follows:

1      That the court erred in allowing in testimony regarding a perjury charge that was over 10 years old.

2. That the [c]ourt should grant a new trial for the reason the verdict of guilt returned by the jury is against the weight of evidence as presented at this trial.

3. That Judge Miller, while a District Attorney, had previously prosecuted and sentenced the Defendant on prior charges; therefore, Judge Miller should have recused herself from presiding over his trial.

No evidence was presented at the hearing on the motion for new trial. Defendant's counsel acknowledged, as to the judge recusal issue in the third ground for relief, that the trial judge, while serving as a prosecutor prior to becoming a judge, was the assigned assistant district attorney on a case where Defendant had entered a plea of guilty. The trial court added, without challenge by Defendant's counsel, that Defendant also received a negotiated agreed sentence.

Other than colloquy with the trial court concerning the judicial recusal issue, Defendant's counsel's entire argument at the hearing of the motion for new trial is as follows:

As far as the weight of the evidence itself, the evidence was what it was as far as the jury [sic]. We feel that as far as the sentence, [sic] even though the evidence came from the police officer who testified obviously it was a finding of guilt. We just feel that with the sentence being imposed and I guess the Court, with you, Judge, being the prosecutor and having the previous knowledge of this gentleman and prosecuting him that those would basically be our grounds that we'd ask that the verdict be set aside and [Defendant] be allowed a new trial.

Defendant did not raise on appeal the issue raised in the motion for new trial concerning the weight of the evidence. The remaining two issues in the motion for new trial are raised on appeal.

*Proof of Defendant's Prior Perjury Conviction*

Although Defendant did not specifically argue this issue at the hearing on the motion for new trial, the record on appeal does include the proceedings during the trial concerning this issue. In a jury out hearing after the State had called its last witness in its case-in-chief, it was determined that Defendant was released from custody due to the serving of a split confinement sentence for perjury in January 1991. He was arrested for the DUI offense for which he was on trial when it was committed in December 2001; thus, more than ten years

-4-

had elapsed between the release from confinement and commencement of the prosecution.

For a prior conviction to be admissible to attack the credibility of a defendant under such circumstances, Tenn. R. Evid. 609(b) provides that the evidence of the conviction (beyond the ten-year limit) is admissible,

> If the proponent gives to the adverse party sufficient advance notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence and the court determines in the interests of justice that the probative valve of the conviction, supported by specific facts and circumstance, substantially outweighs its prejudicial effect.

The case *sub judice* was tried on June 16, 2003. The State filed a notice of intent to use the perjury conviction as impeachment evidence on December 16, 2002. Defendant's argument at trial against admissibility of the conviction to impeach credibility was as follows:

[COUNSEL]:     Judge, I think any reference to it is to the contrary, is more prejudicial than any probative value; that once they hear the issue of perjury that at that point they will discount all objective testimony rendered by my client and I think this case should be tried on the merits of the DUI and not what happened in 1989, if Your Honor please.

The trial court, in ruling that the state could impeach Defendant's credibility with the perjury conviction, found that credibility of Defendant was a crucial issue as it appeared the case was "basically [Defendant's] testimony versus the officer's testimony." Also, the trial court concluded that "I don't know any other conviction that's more probative of . . . dishonesty than perjury."

There are two criteria which are especially relevant when a determination is made on whether the probative value of a prior conviction outweighs any unfair prejudicial effect. These are the impeaching conviction's relevance to credibility, and the impeaching conviction's similarity to the charged offense. *State v. Waller*, 118 S.W.3d 368, 371 (Tenn. 2003). A perjury conviction is highly relevant to credibility, and is in no way similar to the offense of DUI. We believe that the circumstances in this case lead to a conclusion that the conviction's probative value substantially outweighed its prejudicial effect. The trial court did not err in ruling that the prior conviction was admissible to impeach Defendant's credibility. Defendant is not entitled to relief on this issue.

*Trial Judge's Denial of Motion to Recuse*

We first note that Defendant has raised for the first time on appeal that he received ineffective assistance of counsel pertaining to the recusal issue during the proceedings leading up to the trial. Since this issue was not presented to the trial court in the motion of new trial or at the hearing on that motion, it is waived and cannot be presented for the first time on appeal. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

As noted above, Defendant did not present any proof at the motion for new trial hearing held following the grant of a delayed appeal by the post-conviction court. The transcript of the hearing on the first (and invalid) motion for new trial shows that Defendant's then counsel also presented no evidence concerning the recusal issue.

In his brief on appeal, Defendant cites to only one place in the entire appellate record concerning this issue. This citation is to the following request by his then counsel immediately preceding jury selection:

> [DEFENSE COUNSEL]: Judge, one thing Mr. Byington indicated to me again, and respectfully we submit that, Your Honor. He indicated that previously you had tried and convicted him of a matter when you were with the DA's Office and he asked me to renew that he didn't think it would be proper for you to hear the case and the facts with that, where previously you had prosecuted him and resulted in jail confinement, Your Honor.

The trial court denied the motion for her recusal and the trial proceeded. At the hearing on the second motion for new trial, the trial court noted that in the prior case where she was the prosecutor, Defendant pled guilty and there was an agreed sentence. She found that there was no basis for her to recuse herself from hearing Defendant's case which is the subject of this appeal.

"[W]hether recusal is warranted is left to the discretion of the trial judge and such decision will not be reversed absent a clear abuse of discretion on the face of the record." *Bd. Of Prof'l Responsibility v. Slavin*, 145 S.W.3d 538, 546 (Tenn. 2004). Based upon what we are able to glean from this record, it is clear that the trial court did not abuse her discretion by denying the motion for recusal. Defendant is not entitled to relief on this issue.

-6-

**CONCLUSION**

The trial court's denial of Defendant's motion for new trial, which was filed pursuant to an order from the post-conviction court granting a delayed appeal, is affirmed. Accordingly, the judgment of the trial court in case number S46,479 in the Criminal Court of Sullivan County, wherein Defendant is convicted of DUI, fourth offense, is affirmed.

_____
THOMAS T. WOODALL, JUDGE