# IN THE SUPREME COURT OF TENNESSEE
# AT NASHVILLE
### June 13, 2012 Session

## STATE OF TENNESSEE v. WANDA F. RUSSELL

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Rutherford County**
**No. F62535      David M. Bragg, Judge**

---

**No. M2010-00852-SC-R11-CD - Filed October 1, 2012**

---

A defendant was indicted on four counts of theft.  At trial, the trial court ruled that the defendant's prior misdemeanor convictions for passing worthless checks were admissible to impeach her credibility pursuant to Tennessee Rule of Evidence 609, which states that a conviction punishable by less than one year of imprisonment is admissible if the crime involves dishonesty or false statement.  See Tenn. Code Ann. § 39-14-121 (2010).  The defendant elected not to testify, and the jury convicted her on three of the four counts of theft.  We hold that the crime of passing worthless checks involves an element of dishonesty or false statement and that the trial court did not abuse its discretion when it determined that the defendant's prior convictions could be used to impeach her credibility if she testified.  We affirm the decision of the trial court.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Criminal Appeals Affirmed

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Russell Nelson Perkins (at trial and on appeal) and Gerald L. Melton (on appeal), Murfreesboro, Tennessee, for the appellant, Wanda F. Russell

Robert E. Cooper, Jr., Attorney General and Reporter; Gordon W. Smith, Associate Solicitor General; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee

## OPINION

### I. Facts and Procedural History

Wanda F. Russell was an assistant manager at a McDonald's restaurant in Smyrna, Tennessee. One of the assistant manager's responsibilities was to tally the amount of cash received during her shift and deposit the cash in the bank. Prior to depositing the cash, the assistant manager prepared a deposit slip reflecting the tally, recorded the amount of the bank deposit in a deposit log maintained at the restaurant, and placed both the deposit and the deposit slip into a deposit bag.

On August 2, 2007, the deposit log showed that Ms. Russell made a deposit of $2,212.00. Ms. Russell told Mark Pelletier, the restaurant owner, that she placed the deposit in the night deposit box at the bank. Bank records, however, did not reflect receipt of the deposit.

On August 30, 2007, Ms. Russell prepared a deposit in the amount of $1,651.34. The deposit bag was not sealed, and another employee took the bag to the bank for deposit. The bank issued a receipt for the amount of $352.34, which was $1,299.00 less than the amount that was purported to be deposited.

On October 4, 2007, the restaurant's deposit log listed a deposit of $2,309.05 made by Ms. Russell. Ms. Russell told Mr. Pelletier that she placed the deposit in the bank's night deposit box. The bank, however, had no record of receipt of the deposit.

On October 10, 2007, the restaurant's deposit log reflected that Ms. Russell made a deposit of $1,893.85 in the night deposit box. Bank records did not show receipt of the deposit. Mr. Pelletier subsequently terminated Ms. Russell's employment on October 11, 2007.

A grand jury indicted Ms. Russell on four counts of theft over $1,000 but less than $10,000 pursuant to Tennessee Code Annotated sections 39-14-103 and -105 (2010). Prior to trial, the State provided written notice that it intended to introduce Ms. Russell's prior convictions for passing worthless checks to impeach her testimony if she testified. See Tenn. R. Evid. 609(a)(3); see also Tenn. Code Ann. § 39-14-121 (2010). A jury trial was held on October 14, 2009.

After the close of the State's proof, the trial court considered the State's motion to introduce Ms. Russell's convictions for passing worthless checks for impeachment. Ms. Russell argued that a conviction for passing worthless checks does not necessarily show

fraud or dishonesty.  See Tenn. R. Evid. 609(a)(2).  Ms. Russell also argued that the prejudicial effect of the evidence of her prior convictions for passing worthless checks outweighed its probative value.  See Tenn. R. Evid. 609(a)(3).

The trial court ruled that passing worthless checks was a crime of dishonesty and therefore was admissible to impeach Ms. Russell pursuant to Tennessee Rule of Evidence 609(a)(2).  In addition, the trial court held that the probative value of the evidence as to Ms. Russell's credibility outweighed the prejudicial effect of the evidence on the substantive issues.  See Tenn. R. Evid. 609(a)(3).  Ms. Russell elected not to testify and called no witnesses on her behalf.

The jury convicted Ms. Russell of three of the four counts of theft.  On each count, the trial court sentenced Ms. Russell to three years as a Range I offender.  The trial court ordered each of the sentences to be served concurrently, suspending service of the sentence after ninety days, and sentenced Ms. Russell to three years of probation following release from custody.  In addition, Ms. Russell was ordered to pay restitution to Mr. Pelletier in the amount of $2,212.00 for count one, $2,309.05 for count three, and $1,893.85 for count four of the indictment.

Ms. Russell appealed, and the Court of Criminal Appeals affirmed the trial court. State v. Russell, No. M2010-00852-CCA-R3-CD, 2011WL 2671229, at *3-4 (Tenn. Crim. App. July 7, 2011).  We granted Ms. Russell permission to appeal.

## II.  Analysis

A witness may be impeached by evidence of a prior conviction of a crime if the crime involves dishonesty or false statement or if the crime is punishable by death or by one year or more in prison. Tenn. R. Evid. 609(a)(2). Ms. Russell's convictions for passing worthless checks were class A misdemeanors, punishable by less than one year in prison.  See Tenn. Code Ann. §§ 39-14-105(a)(1), 39-14-121(f), 40-35-111(e)(1).  The State, however, asserts that passing worthless checks is a crime of dishonesty or false statement and therefore satisfies Tennessee Rule of Evidence 609(a)(2).

We examine the elements of the crime rather than the circumstances surrounding the commission of the crime to determine if the crime involves dishonesty or false statement. See State v. Waller, 118 S.W.3d 368, 372 (Tenn. 2003).  The construction of a statute is a question of law, which we review de novo.  State v. Gomez, 367 S.W.3d 237, 243 (Tenn. 2012).

The offense of passing worthless checks is committed when a person either

> with fraudulent intent or knowingly . . . passes a check . . . knowing at the time
> there are not sufficient funds . . . on deposit . . . for the payment in full of the
> check . . . or . . . [s]tops payment on a check . . . provided, that the . . . goods
> or services were as represented at the time of the issuance of the check . . . .

Tenn. Code Ann. § 39-14-121(a)(1).

There are a number of ways to commit the offense of passing worthless checks. A person who commits the offense of passing worthless checks with "fraudulent intent" satisfies the "dishonesty" requirement of Tennessee Rule of Evidence 609(a)(2). Similarly, a person who passes a check knowing that there are insufficient funds to pay the check has made a misrepresentation to the payee and therefore meets the requirement of "dishonesty or false statement." Tenn. R. Evid. 609(a)(2). Finally, a person who cancels a check with knowledge that the goods or services received were as represented at the time the check was issued has knowingly failed to pay for those goods or services. Knowingly canceling payment for goods or services received when those goods or services were as represented is dishonest.

Ms. Russell argues that a conviction for passing worthless checks could arise from an honest mistake. We recognize that an individual may issue a check in good faith under the mistaken belief that the funds on deposit are sufficient to cover the amount of the check. Mistakenly issuing a check when the funds on deposit are insufficient, however, does not violate Tennessee Code Annotated section 39-14-121. Section 39-14-121(a)(1)(A) requires an individual to "know[] at the time there are not sufficient funds on deposit . . . for the payment in full of the check . . . ." (emphasis added). Contrary to Ms. Russell's assertion, the statute setting forth the crime of passing worthless checks does not criminalize an honest mistake. A prior conviction for passing worthless checks pursuant to section 39-14-121 therefore is probative of a witness's honesty. See State v. Sims, 746 S.W.2d 191, 198 (Tenn. 1988) (stating that "[p]assing a bad check . . . reflects on one's truthfulness").

Our opinion in State v. Goad, 707 S.W.2d 846, 851 (Tenn. 1986), does not compel a contrary result. The trial court in Goad prohibited the impeachment of a witness's testimony with the witness's alleged prior offenses of passing worthless checks. In Goad, the trial court found that the proof of the alleged convictions was insufficient. Goad, 707 S.W.2d at 851. We held that the trial court did not abuse its discretion in excluding the evidence. Goad, 707

-4-

S.W.2d at 851. Unlike the offenses at issue in Goad, the existence of Ms. Russell's convictions is not in dispute.[1]

If a prior conviction meets the requirements of Tennessee Rule of Evidence 609(a)(2), the defendant may request the trial court to "determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues." Tenn. R. Evid. 609(a)(3). Ms. Russell argues that the prejudicial effect of the evidence of her prior convictions for passing worthless checks outweighed its probative value.

The balancing test in Tennessee Rule of Evidence 609(a)(3) requires a trial court to first assess whether the offense is relevant to the credibility of the accused. State v. Mixon, 983 S.W.2d 661, 674 (Tenn. 1999). If the trial court concludes that the offense is relevant to the credibility of the accused, it must also assess whether the crime underlying the impeaching conviction is substantially similar to the charged offense. Waller, 118 S.W.3d at 373; Mixon, 983 S.W.2d at 674 (quoting Neil P. Cohen et al., Tennessee Law of Evidence § 6.09.9, at 376 (3rd ed. 1995)). A trial court's decision to admit evidence of prior convictions pursuant to Tennessee Rule of Evidence 609 is reviewed under an abuse of discretion standard. Waller, 118 S.W.3d at 371. A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision that is against logic or reasoning that causes an injustice to the party complaining. Gomez, 367 S.W.3d at 243.

The trial court determined that Ms. Russell's prior convictions for passing worthless checks were relevant to her credibility. We agree that Ms. Russell's prior convictions involved a crime of dishonesty and are therefore probative of her truthfulness.

As a general rule, evidence of convictions for the same type of crime should be admitted sparingly because of the impression on jurors that if a person committed a crime in the past, he committed the offense for which he is on trial. Long v. State, 607 S.W.2d 482, 486 (Tenn. Crim. App. 1980). The risk of a jury improperly considering the impeaching conviction as evidence of the propensity of the defendant to commit the charged offense is

_____

[1] The Sixth Circuit Court of Appeals has stated that Tennessee Code Annotated section 39-14-121 does not require an element of dishonesty. See United States v. Barb, 20 F.3d 694, 696 (6th Cir. 1994). The Sixth Circuit Court of Appeals relied on Barbee v. Dixon, 1992 WL 296739, at *1 (Tenn. Ct. App. Oct. 21, 1992), permission to appeal denied, concurring in results only. After the Sixth Circuit Court of Appeals rendered its decision in Barb, however, we modified Tennessee Supreme Court Rule 4 to provide that opinions designated "Denied, Concurring in Results Only" may not be cited and carry no precedential weight. See Tenn. Sup. Ct. R. 4(E)(1)-(3). The Barb decision is therefore unsound because the precedent on which it relies carries no weight. Moreover, decisions by federal courts interpreting Tennessee laws are not binding on our state courts. See Bredesen v. Tenn. Judicial Selection Comm'n, 214 S.W.3d 419, 430 n.6 (Tenn. 2007) (citing Wilson v. Rubin, 104 S.W.3d 39, 48 n.6 (Tenn. Ct. App. 2002)).

greatly increased if the impeaching conviction is substantially similar to the charged offense. Waller, 118 S.W.3d at 373; Mixon, 983 S.W.2d at 674.

Although the record does not include the factual circumstances surrounding her previous convictions for passing worthless checks, the offenses to which Ms. Russell pleaded guilty involved passing a check knowing that the check would not be paid. See Tenn. Code Ann. § 39-14-121. The offense for which Ms. Russell was indicted in this case, however, did not involve passing a check. Ms. Russell was charged with taking cash entrusted to her instead of depositing the cash in the bank. The offense for which Ms. Russell was on trial therefore is not substantially similar to the crimes for which she was previously convicted. See Waller, 118 S.W.3d at 373; Mixon, 983 S.W.2d at 674.

The probative value of Ms. Russell's prior convictions is high, and her prior convictions are not substantially similar to the offense for which she is on trial. We therefore cannot conclude that the trial court abused its discretion by finding that the probative value of Ms. Russell's convictions for passing worthless checks outweighed the unfair prejudicial effect on the substantive issues in her trial. If Ms. Russell had testified, her prior convictions for passing worthless checks would have been admissible to impeach her credibility.

## III. Conclusion

We hold that the offense of passing worthless checks involves an element of dishonesty and that the trial court did not abuse its discretion in concluding that Ms. Russell's convictions for passing worthless checks could be used to impeach her credibility. We affirm the judgment of the trial court. It appearing that Wanda F. Russell is indigent, costs of this appeal are taxed to the State.

_____
JANICE M. HOLDER, JUSTICE

-6-