IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2015


STATE OF TENNESSEE v. JOSHUA L. CARTER AND ADONIS
LASHAWN MCLEMORE

Appeal from the Criminal Court for Davidson County
No. 2011B1648, 2011D3013     Mark J. Fishburn, Judge

_____


No. M2014-00767-CCA-R3-CD – Filed June 26, 2015

_____


JOHN EVERETT WILLIAMS, J, concurring


I concur with the majority of the well-written majority opinion. However, based upon my reading of *State v. Waller*, 118 S.W.3d 368 (Tenn. 2003), I reach a different conclusion only as to the admissibility of the appellant's 2005 conviction for selling 0.5 grams or less of a Schedule II controlled substance and its probative value for impeachment purpose. As the *Waller* court observed, a prior drug conviction does "not involve dishonesty or false statement as contemplated by Rule 609." *Id.* at 371. In concluding that "prior felony drug convictions are, at best, only slightly probative" of a defendant's credibility, the court recognized that it had "previously rejected a per se rule that permits impeachment by any and all felony convictions." *Id.* at 373, 371. Therefore, I conclude that appellant Carter's prior conviction was minimally, if at all, probative as to his credibility and that the probative value did not outweigh its prejudicial effect. As a result, I would have ruled it inadmissible. However, I conclude that the error in admitting the conviction was harmless, as appellant Carter has not shown that the error "more probably than not affected the judgment" or resulted "in prejudice to the judicial process." *State v. Rodriguez*, 254 S.W.3d 361, 372 (Tenn. 2008).


_____
JOHN EVERETT WILLIAMS, JUDGE