**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

City of Rock Hill, Appellant,

v.

Nathan Morgan, Respondent.

Appellate Case No. 2017-001530

———————

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-282
Submitted April 1, 2019 – Filed August 7, 2019

———————

**REVERSED**

———————

Christopher Edward Barton, of Rock Hill, for Appellant.

Charles Harold Rudnick, of Rudnick & Rudnick, of Aiken, for Respondent.

———————

**PER CURIAM:** Nathan Morgan was tried before a jury in municipal court and was convicted of assault and battery in the third degree. Morgan appealed his conviction to the circuit court, which reversed and remanded the matter for a new trial upon finding the trial court improperly admitted evidence of Morgan's remote convictions. The City of Rock Hill (the City) now appeals the circuit court's order. We reverse and reinstate Morgan's conviction.

First, we find the circuit court erred in holding the trial court's failure to conduct a Rule 609, SCRE balancing test was an abuse of discretion. The balancing test normally necessitated by Rule 609 is not required once a party opens the door to what may be otherwise improper criminal conviction evidence. Our courts recognize, though evidence may be otherwise inadmissible under our rules and law, when a defendant opens the door that evidence becomes admissible. *See State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence."); *State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("[When] one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though [the] latter evidence would be incompetent or irrelevant had it been offered initially." (second alteration in original) (quoting *State v. Albert*, 277 S.E.2d 439, 441 (N.C. 1981))). To hold otherwise, as the circuit court did, would eviscerate the "open the door" doctrine. Further, our law is specifically clear that when a defendant opens the door to the admission of his prior convictions, the court need not determine whether the convictions would be admissible under Rule 609, SCRE. *See State v. Dunlap*, 353 S.C. 539, 541-42, 579 S.E.2d 318, 319 (2003) ("Because we find that counsel opened the door to the admission of petitioner's prior drug record, we need not reach the issue whether these convictions were admissible to impeach petitioner's credibility under Rule 609, [SCRE]."); *State v. Shands*, 424 S.C. 106, 123-24, 817 S.E.2d 524, 533 (Ct. App. 2018) (holding, although the trial court erred by finding Shands's remote conviction was admissible under Rule 609(b), SCRE, the trial court did not err in admitting the prior conviction because Shands opened the door to such evidence). Accordingly, we hold the circuit court committed an error of law in concluding the trial court was required to conduct a balancing test under Rule 609 after the trial court found Morgan opened the door to admission of his convictions. *See Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 341, 713 S.E.2d 278, 282 (2011) (providing, in reviewing a circuit court decision on a criminal appeal from a municipal court, this court's scope of review is limited to correcting the circuit court's order for errors of law).

Further, assuming arguendo, as Morgan contends, the circuit court implicitly found Morgan did not open the door to his prior convictions with his statement "I don't steal," we likewise find error. "In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception." *Id.* at 341, 713 S.E.2d at

282 (quoting *City of Cayce v. Norfolk S. Ry. Co.*, 391 S.C. 395, 399, 706 S.E.2d 6, 8 (2011)).  In such appeals, "the circuit court is bound by the municipal court's findings of fact if there is any evidence in the record which reasonably supports them." *City of Greer v. Humble*, 402 S.C. 609, 613, 742 S.E.2d 15, 17 (Ct. App. 2013).  "Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial judge." *Page*, 378 S.C. at 483, 663 S.E.2d at 360.  "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) (quoting *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011)).  Although the circuit court placed great emphasis on its perception that Morgan's statement was made in the present tense, it acknowledged that one possible construction of the statement was that Morgan was saying he "[does not] steal[,] period," and not that he was "not stealing [at that moment]."  Thus, by the circuit court's own admission, there was evidence to support the trial court's determination on this matter.  Further, we agree with the City that such statement by Morgan placed his character at issue.  *See State v. Taylor*, 333 S.C. 159, 174, 508 S.E.2d 870, 877-78 (1998) ("In a criminal case, the State may not attack the character of the accused unless he first places his character in issue.  However, '[when] one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though [the] latter evidence would be incompetent or irrelevant had it been offered initially.'" (second alteration in original) (quoting *Stroman*, 281 S.C. at 513, 316 S.E.2d at 399)); *State v. Major*, 301 S.C. 181, 185-86, 391 S.E.2d 235, 238 (1990) (finding Major's statement, "I do not sell drugs," along with other testimony, was a clear attempt to communicate to the jury Major was not the sort of individual who would become involved in the drug trade, and "[h]aving introduced evidence of his own good character on the issue of involvement in drugs, Major thereby became subject to cross-examination on that assertion").  Morgan opened the door to evidence of his prior convictions, as the evidence was introduced in rebuttal to his contention that he did not steal.  *See Dunlap*, 353 S.C. 539, 541, 579 S.E.2d 318, 319 (holding defense counsel's opening statement creating the impression that Dunlap had no prior connection to the sale of narcotics opened the door to the introduction of evidence rebutting the contention that petitioner was merely an addict).

Because the above is dispositive of this appeal, we need not address the City's alternate issue concerning the circuit court conducting its own balancing test instead of remanding for the trial court to do so.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an

appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**REVERSED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.